HENRY Q. SAMPSON and another, in equity,

*vs.*

HATHERLY RANDALL and others.

Sagadahoc.    Opinion March 4, 1881.

*Will.    Income for life, and perpetual — real estate, personal estate.    Practice.*

The gift of the perpetual income of real estate is a gift of the fee; a gift of the income for life is a gift of a life estate.

The same rule applies to personal estate, and the donee for life has the actual possession of the property, unless the will otherwise provides.

The court may require security from the donee for life, that the property shall be forthcoming, intact, at the expiration of the life estate, in a case of real danger.

BILL IN EQUITY to obtain the construction of the following will :

"Be it hereby known that I, Albion Q. Randall, of Bowdoinham, county of Sagadahoc and State of Maine, being of sound mind, do hereby make my last will and testament.

"Unto my mother, Lucy Randall, of Bowdoinham, I will and bequeathe the income of one-third of my property during her natural life.

"Unto my sister, Sarah F. Mariner, I will and bequeathe the income of one-sixth of my property during her natural life and children forever.    But should she have no children, then the money will go as described.

"Unto my sister, Margaret White, of Richmond, I will and bequeathe the income of one-sixth of my property during her natural life.

"Unto the children of Samuel W. Randall, I will and bequeathe the income of one-tenth, in equal shares, to each during their

natural lives. To the towns of Bowdoinham and Richmond I will and bequeathe the perpetual income of one-tenth to each, to be used by the selectmen in providing for poor aged people, as they in their kindness may from year to year devise.

"To the son of Rewel, one hundred dollars I will and bequeathe in consideration of their naming him for me.

"Unto Louisa Small, daughter of Elizabeth Temple, I will and bequeathe the income of the remainder, during her natural life — the remainder being nearly one-thirtieth — at her decease the same to her child or children, and so on. At the decease of my mother, I will and bequeathe the income of one-sixth, being one-half whose income was bequeathed my mother, unto Harriet C. Ring, of Lubec, Maine, during her natural life. I will and bequeathe the income of the other sixth to Samuel W. Randall during his natural life, and at his death the income is to be divided in equal shares — to his children and theirs — perpetual. At the decease of Harriet C. Ring, if her mother be living, she shall receive the same during her natural life. At the decease of both, the children of Rewell and Merrilla Webber, of Richmond, shall have the same income during their natural lives and their children in perpeal.

"Should in any of the contingent remainders herein named — there be any doubt as to the disposition of said remainder, it is my will that the general course of the law be followed.

"I hereby appoint Henry Q. Sampson and Samuel W. Randall, both of Bowdoinham, Maine, to be my lawful administrators.

SEAL.                                    A. Q. RANDALL."

"Witnesses : Edward P. Bond.
            Albert H. Shedd.
            Leigh R. Worcester.
Executed in Boston, December 21, 1877."

*J. W. Spaulding* and *F. J. Buker*, for the executors and for Samuel W. Randall, Ellen R. Randall ; Samuel W. Randall as guardian *ad litem* of Charles B. Randall, Annette A. Randall and Humphrey P. Randall ; Reuel S. Webber, guardian *ad litem* of Quincy R. Webber and Dexter G. Webber ; and for the town of Richmond.

*W. T. Hall*, for Hatherly Randall, Elizabeth Temple, Margaret White and Louisa Small.

*E. J. Millay*, for Lucy Randall, Sarah F. Mariner and the town of Bowdoinham.

*Powers and Powers*, for Mrs. J. Ring and Harriet C. Ring.

WALTON, J. This is a suit in equity praying for the construction of the will of Albion Q. Randall. The facts stated in the bill are to be taken as true. The first question is whether all the provisions of the will can be sustained. They cannot. The testator has in some of the provisions attempted to create perpetuities. These provisions must of course be rejected. All the other provisions may be sustained. The life estates which are certain to vest within a life or lives in being, and twenty-one years and the period of gestation thereafter, are valid. What will become of the testator's property when all these life estates shall end is a question which in no way affects the executors and will not now be considered. The facts stated in the bill are not sufficiently full to enable us to do so. The application of a few well settled rules of law will determine the rights of the parties now before the court, and relieve the executors of all doubt as to the course to be pursued by them.

I. Of the real estate. It is a settled rule of law that a gift of the income of real estate is a gift of the real estate itself. A gift of the income for life is the gift of a life estate. A gift of the perpetual income is a gift of the fee. The effect of this rule upon the will in question is obvious. Those to whom the testator has given the income for life will take a life estate, and those to whom he has given the perpetual income will take a fee-simple estate. The towns of Bowdoinham and Richmond will take fee-simple estates in trust for the purpose named in the will as tenants in common with the other owners. This is all which it is necessary to say of the testator's real estate. In support of the rule here stated, see *Andrews* v. *Boyd*, 5 Maine, 199 ; *Butterfield* v. *Haskins*, 33 Maine, 392 ; *Earl* v. *Rowe*, 35 Maine, 414.

II. Of the personal estate. It is the duty of the executors to reduce the personal assets to money, and, after the payment of

the debts, if any, and the costs of administration, to distribute the residue among the immediate donees in the proportions named in the will. True, the testator has given the income only to the immediate donees, except a small legacy of a hundred dollars to a boy in consideration of his having been named for him. But the same rule applies to personal estate as to real estate, namely, the gift of the income is in contemplation of law equivalent to a gift of the property itself. If the gift is of the income for life the donee takes a life estate; and if the gift is of the perpetual income, then the donee becomes the absolute owner of the property. So held in *Stone* v. *North*, 41 Maine, 265.

And the rule adopted in this State is to allow the donee for life to have the actual possession of the property, unless the will otherwise provides. *Starr* v. *McEwan*, 69 Maine, 334; *Warren* v. *Webb*, 68 Maine, 133.

It is said to have been at one time held that there could be no gift over of personal property; that a gift for life made the donee the absolute owner of the property. But it is now settled both in England and in this country that personal property may be limited over by way of remainder, after the expiration of a life interest. And it was formerly held that the remainder-man might exact security from the donee for life that the property should be forthcoming intact at the expiration of the life estate. But that practice, says Chancellor Kent, has been overruled, and the modern practice is to require nothing more than an inventory of the property, although the court may still require security in a case of real danger and where the relations of the parties are such as to render such a course expedient. 2 Kent's Com. 454. We think no security should be required in this case, except a receipt, to be filed in the probate office when the executors settle their final account. If the donees for life can have the use and possession of their several shares of the testator's estate, it will be a substantial benefit to them; otherwise probably of very little benefit. If testators do not desire to have the remainders provided for in their wills thus endangered they can easily guard against the danger by the appointment of trustees, and declaring

that the income only shall be paid to the donees for life. Most wills creating remainders contain such provisions. The will now under consideration contains no such provision.

The court is asked to ascertain and decree who the testator meant by the "son of Rewel," to whom he bequeathed a hundred dollars. There is no evidence before the court on which to found such a decree. The executors say they are informed and believe that Quincy Randall Webber, is the person intended; but mere information and belief is not evidence on which the court can act. But if no one else appears to claim the legacy, no reason is perceived why the executors may not safely pay it to the person named; or, if he is a minor, to his guardian.

This is an amicable suit. All the parties appear to be equally desirous of obtaining the judgment of the court. No costs are, therefore, allowed to either of them. The executors may charge such expenses as have been necessarily incurred by them in the prosecution of the suit in their administration account, and the judge of probate will allow for such items and such amounts as he deems just and reasonable.

> *Bill sustained, and a decree may be entered in accordance with the principles herein stated.*

APPLETON, C. J., DANFORTH, VIRGIN, PETERS and SYMONDS, JJ., concurred.