MARGARET J. WYNN, administratrix, vs. NELSON S.
BARTLETT & others, executors.

Essex.    November 4, 1896. — January 8, 1897.

Present: ALLEN, MORTON, LATHROP, & BARKER, JJ.

*Will — Principal of Trust Fund — Life Estate — Residue.*

If there is nothing in a will to show an intention that anything should be paid to a
legatee except the income of a fund during life, the fund upon his death falls
into the residue, and an action by his administrator against the executors to
recover the amount thereof cannot be maintained.

CONTRACT, by the administratrix of the estate of William E.
Wynn, to recover the legacy given by the forty-first paragraph
of the will of Samuel E. Sawyer, late of Gloucester.

The testator died on December 15, 1889. The paragraph
in question is as follows: "41. I give and bequeath to my
executors and trustees, the survivors and survivor of them, the
sum of four thousand dollars, to be safely invested, and the in-
come only paid over semiannually to my coachman, William
Wynn of Gloucester." The will contained a residuary clause.
The plaintiff's intestate died on June 6, 1892, and is the William
Wynn named above.

The defendants demurred to the declaration, assigning as
ground therefor that the intestate took only the income for life
in the fund in question. In the Superior Court, *Braley*, J. sus-
tained the demurrer, and ordered judgment for the defendants;
and the plaintiff appealed to this court.

*J. J. Flaherty*, for the plaintiff.

*C. A. Russell*, for the defendants.

ALLEN, J. In *Bartlett, petitioner*, 163 Mass. 509, 521, it was
said by the court, with reference to this bequest, " Wynn having
since died, the interest up to the time of his death is payable to
his estate; the principal of this trust fund belongs to the residue
of the testator's estate." The plaintiff now says that she had
no notice of that suit, and did not appear, and is not bound by
what was there declared. It is, however, obvious that it was
right. The language of the bequest was that " the income only "

should be paid to Wynn; and there was a general residuary clause. There is nothing to show an intention that anything should be paid to him except the income during his life. *In re Grove's trusts*, 28 L. J. (N. S.) Ch. 536. *In re Morgan*, [1893] 3 Ch. 222.                    *Judgment for the defendants affirmed.*