HARRY A. BROWN, trustee, *vs.* GEORGE P. WRIGHT & others.

Middlesex.    March 23, 24, 1897. — May 22, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Trust and Trustee — Accumulation of Surplus Income — Interest.*

On a bill in equity for instructions, brought after the death of the testator's widow, as to the duties of the trustee, to whom was bequeathed twenty thousand dollars which was to furnish income and interest to be paid to the testator's surviving son for life after the widow's death, as well as nearly all the rest of the testator's property, the court said that the trustee was to pay over the full income of twenty thousand dollars, which was less than half of the trust estate, for life, that the surplus of income was to be accumulated, and that the ultimate disposal of the fund would not now be determined.

Giving property in trust to carefully manage and invest it necessarily implies that any income is part of the trust fund, and if such income is in excess of the sums which the trustee is directed to pay out before the final termination of the trust, such excess of income must necessarily be held in the trust and accumulate until it can be paid out in accordance with the directions of the testator; and it cannot be said, therefore, that any part of the income is undevised property.

The frequent use of the phrase "interest and income" in a will and codicil does

not indicate an intention to direct the payment of interest at the rate of six per cent a year, whether earned or not, on the trust fund in question, and any additional income which the fund may yield.

BILL IN EQUITY, by the trustee under the will of Nathan M. Wright, to obtain the instructions of the court as to the construction thereof. Hearing before *Barker,* J., who, at the request of the parties, reserved the case for the consideration of the full court. The facts appear in the opinion.

*W. Schofield,* for George P. Wright.

*G. F. Richardson & G. R. Richardson,* (*D. M. Richardson* with them,) for Anna E. Fay.

*J. C. Burke & W. S. Marshall,* (*J. F. Corbett* with them,) for Fred R. Wright.

*H. Dunham,* for James H. Wright and others.

*B. F. Hayes,* for the unascertained heirs of Nathan M. Wright.

*C. E. Hellier,* for the unborn issue of George P. Wright.

BARKER, J. The will was made on April 15, 1885, when the testator's family consisted of his second wife and two unmarried sons, the elder of whom was his son by a first wife. This son died on November 4, 1888, unmarried and without issue. The codicil was made on April 26, 1889. The testator died on March 31, 1890, and the will and codicil were allowed on May 20, 1890. His widow, the wife mentioned in the will and codicil, died on May 7, 1896. The younger son is yet living, and is yet unmarried and without issue, and is the testator's only heir at law. At the time of the making of the will and codicil, and of the testator's death, his other blood relatives were a brother, since deceased, and the issue of two deceased brothers. The living brother had only an adopted daughter, who had issue. The testator had a mother in law, who died between the dates of the will and codicil, and three sisters in law, one the sister of his wife, and the others the widows of his deceased brothers.

Construing together the will and codicil the disposition made of the estate is this. The executors are directed to pay debts and charges, and to see that the burial lot is put in order and the graves marked.

The household furniture and indoor movables and chattels, horses and vehicles, and tools, are given to the wife, with the use of a certain real estate for life, or of the proceeds, if sold by the

trustee, and the interest and income for life of fifteen thousand dollars, with the right to any part or all of the principal, at her discretion.

Specific money legacies of one hundred dollars each, payable within one year after the testator's death, are given to the sisters in law. To the younger son his promissory note held by the testator, one hundred dollars per annum during the life of the testator's wife, and after her decease the interest and income of twenty thousand dollars during his natural life. The business, stock, book accounts, and chattels of the testator's store, the sum of one thousand dollars in cash, a gold watch and chain, and the interest and income of the residue of the testator's estate after the death of his wife and the payment of the legacies to be paid upon her death, are given to the trustee to be held, managed, and disposed of in trust; as are also all the rest, residue, and remainder of the testator's property.

Legacies to certain relatives are given to be paid to the " legatees respectively, within one year if they be living at the date of my wife's decease." These legacies are not in terms directed to be paid by the trustee.

Among the directions to the trustee are to take, carefully manage, and invest all of the testator's estate bequeathed to him to hold in trust, to pay over to the testator's wife quarterly or semiannually, as may be convenient, the interest and income thereof for and during her natural life; after her death to pay certain money legacies to charities and relatives; after the death of the wife " to take and pay over to " the surviving son the interest and income of twenty thousand dollars for and during his natural life; if the son should die, leaving a widow and children, to pay the income and interest of the twenty thousand dollars to the " widow and children in equal parts during her life, with remainder over, in fee simple, to his children, both principal and interest "; but if the son " should die leaving no issue, but leaving a widow, then to pay the said interest and income to her during her natural life," and after the termination of all the life estates and the payment of all the legacies to pay over and distribute all that shall then remain to the issue of the testator's son, or, failing such issue, to the testator's right heirs at law.

There now remains in the hands of the trustee property to the

amount of about fifty thousand dollars, after the death of the testator's widow, and the payment of the legacies given by the will and codicil, to be paid before or upon her death.

The surviving son contends that the trust should now be terminated, and the whole estate be transferred and paid over to him.  He contends further, that, if the whole estate is not now payable to him, he is entitled to the whole income; and that if the whole income is not payable to him, the trustee should set apart a fund of twenty thousand dollars, and should pay to him interest at the rate of six per cent a year on that sum, and any income above such interest as may accrue from the fund so set apart.

Other respondents contend that the surviving son is now entitled only to the income of a fund of twenty thousand dollars, to be set apart by the trustee; that any other income from the estate is to be accumulated until the death of the surviving son, and that, if he shall die without leaving issue, the whole estate is to be then distributed to those who shall then be the testator's heirs at law.  The contingent provision for a possible widow of the surviving son it is contended is void.

The testator has bequeathed and devised to the trustee all the property which was to furnish the income and interest to be paid to his surviving son for life after the death of the testator's wife, as well as all the rest of the testator's property not specifically devised, or needed for the settlement of debts and charges, and the small legacies payable within a year from the testator's death.  The trustee is directed in terms to take the same and to carefully manage and invest it, and to keep it invested.  Owning the property in trust, he is to thus hold it and keep it invested until it shall be finally paid over and distributed in accordance with the directions given by the testator.  This necessarily implies that any income is part of the trust fund, and if such income is in excess of the sums which the trustee is directed to pay out before the final termination of the trust, such excess of income must necessarily be held in the trust and accumulated until it can be paid out in accordance with the directions of the testator.  Therefore it cannot be said that any part of the income is undevised property.  So much of it as may not be needed to pay to the surviving son during his life the in-

terest and income of twenty thousand dollars is to be held by the trustee and invested until the son's death, if not longer, and is ultimately to be paid out and distributed by the trustee.

The intention of the testator that the fund should be so held and any surplus income so accumulated, is shown by the provisions of the will, and is one which the law will carry out, because it is his will expressed in the manner authorized by law. We need not know whether he made this disposition from a distrust of the ability of his son to keep or to manage the principal of the estate, or from a desire to induce him to marry and have children, or from some other reason. It is enough that, as we construe his language, he has so directed, and we are to give his wishes effect. See *Claflin* v. *Claflin*, 149 Mass. 19; *Young* v. *Snow*, 167 Mass. 287; *Wynn* v. *Bartlett*, 167 Mass. 292.

This is as far as we consider it wise to go at present in instructing the trustee. If, as we do not at present decide, some of the directions as to the disposal of the fund after the death of the surviving son are too remote, that does not affect the present duty of the trustee, which is to hold the fund and to keep it invested and to pay to the surviving son the interest and income of twenty thousand dollars for and during his natural life, as the testator has directed.

In the frequent use of the phrase " interest and income " in the will and codicil, we see no intention to direct the payment of interest at the rate of six per cent a year, whether earned or not, upon the sum of twenty thousand dollars, and any additional income which the fund may yield. We think the intention was to give the product or yield of a fund of twenty thousand dollars, whether it should come from interest or any other source of income. It is fairly to be said that the product of that sum, carefully managed and invested, is to be paid as it accrues to the surviving son for and during his life. The testator does not direct that such a fund shall be set apart, or that the net income of a fund of that amount shall be so paid. If the trustee keeps the whole trust fund properly invested, and pays over the full income of twenty thousand dollars of it to the surviving son, for and during his life, we think he will do what the testator meant in that respect.

*Decree to be framed accordingly.*