LOUISE BOEKEMIER, Appellant, v. WILLIAM BOEKEMIER and Others.

**Wills:** CONSTRUCTION: LIFE ESTATES. In the construction of a will the court will give effect as far as possible to every part of the instrument for the purpose of carrying out the evident intent of the testator. By one paragraph of the will in the instant case the testator gave his wife all his property of which he might die seised, and provided in subsequent paragraphs that after her death certain children should receive legacies, the residue to be divided equally between his children. *Held,* that the wife took only a life estate.

*Appeal from Floyd District Court.*—HON. JOSEPH J. CLARK, Judge.

TUESDAY, NOVEMBER 19, 1912.

THE facts are stated in the opinion.—*Affirmed.*

*Wm. H. Salisbury,* for appellant.

*J. C. Campbell,* for appellees.

SHERWIN, J.—This action is in equity to quiet the title to certain real estate, and to establish the ownership of certain personal property, all of which belonged to Christian Boekemeier at the time of his death. The plaintiff is the widow of said deceased Boekemeier and she bases her claim to title to the real estate and to ownership of the personal property on the will of her deceased husband. Omitting the parts of the will not material, the remaining paragraphs are as follows:

I will, devise and bequeath to my beloved wife, Louise

Boekemeier, all my property of every kind and nature of which I may die seized, personal as well as real estate, and wherever located.

After the death of my said wife, I will, devise and bequeath to my daughter, Martha Boekemeier, the sum of one thousand dollars ($1,000.00).

After the death of my said wife, I will, devise and bequeath to my daughter, Maria Achenbach, nee Boekemeier, the sum of three hundred dollars ($300.00).

After the death of my said wife, I order that the sum of two hundred dollars ($200.00) be deposited with the Riverside Cemetery Association of Charles City, Iowa, for the purpose that the annual interest thereon shall be applied to the taking care of our family graves in Charles City, Iowa.

The rest and residue of all my said property I will, devise and bequeath to my eight children share and share alike.

I hereby appoint my said wife, Louise Boekemeier, to be the executrix of this my last will and testament, and after my wife's death I appoint my youngest child, Maria Achenbach, nee Boekemeier, to be the executrix of the residue of my property, and I order that both the parties named as executrixs herein shall not be obliged to give any bonds as such.

The appellant claims that all of the property, both real and personal, owned by her husband at the time of his death, was bequeathed to her by the second paragraph of the will, the real estate in fee simple and the personal property absolutely. The appellees contend that the subsequent paragraphs of the will are entitled to the same consideration that is given to the second paragraph, and that from the entire instrument it is clear that the deceased intended to give to his widow only a life estate in both the real and personal property with the remainder to them. The pleadings of the respective parties presented this question alone, and it was decided by the district court on such pleadings. While the second paragraph of the will does not, in express terms, give

power of disposition, if the paragraph stood alone, it would undoubtedly pass an absolute estate in all of the property left by deceased. But was this the intention of the testator? If it was his intention, as disclosed by the entire instrument, then plaintiff's contention is right. If, on the other hand, it is manifest from a consideration of the instrument as a whole that it was not testator's intention to give his widow an absolute estate, but that it was his intention to give her a life estate only with remainder to his children, the judgment of the district court should be affirmed.

The second paragraph of this will is somewhat peculiar in this respect. It gives no express power of disposition, nor does it expressly refer to the use that the devisee may make thereof, and in this respect it is unlike many wills that we have heretofore considered and given effect to such provisions in determining the real intent of the testator. The failure to refer to these matters in said paragraph may rightly be given weight in connection with the other and subsequent paragraphs in arriving at the testator's intention as to what estate plaintiff should take. Every other paragraph of the will is just as concise, certain, and direct as the second. The third, fourth, and fifth make certain positive bequests of such part of the estate as shall remain after the death of the wife, and the sixth just as positively and certainly gives the "rest and residue of all" of testator's property to his eight children, "share and share alike." Nor do these paragraphs stand alone in pointing to the intention of the testator, for the seventh, which names the persons who shall carry out the various provisions of the will, clearly indicates that the wife's interest in the estate was to cease with her death. • Aside from the second paragraph, there can not be found in the entire instrument any language from which an inference can justly be drawn that the second paragraph was intended to create a fee in the plaintiff. The language used in the

subsequent paragraphs is direct and positive, and not a precatory word can be found therein. Nor is there any language in the subsequent paragraphs of the will enlarging or adding to the naked devise in the second, as has been found in many cases. Where none of the foregoing qualifications are present, the later clauses or paragraphs of a will are entitled to at least as much consideration and weight as the paragraphs preceding them, and, where all paragraphs may be given effect without doing violence to the intent of the testator, it is the rule that such must be the construction. In order to sustain the appellant's contention, it would be necessary to entirely disregard and nullify paragraphs 3, 4, 5, and 6, and to partially nullify paragraph 7, where executors are provided for.

By construing the entire will as giving to the plaintiff a life estate only, every part thereof is given effect, and the evident intention of the testator is carried out, and that is what the law demands. A general discussion and review of our cases would be of no benefit to any one, for this has been done time and again. This case is ruled by the following decisions: *Hoefliger v. Hoefliger,* 132 Iowa, 575; *Jordan v. Hinkle,* 111 Iowa, 43; *Wheeler v. Long,* 128 Iowa, 643; *Pool v. Napier,* 145 Iowa, 699; *Jordon v. Woodin,* 93 Iowa, 453; *Stivers v. Gardner,* 88 Iowa, 307; *Iimas v. Neidt,* 101 Iowa, 348; *Law v. Douglass,* 107 Iowa, 606.

The judgment of the district court should be, and it. is—*Affirmed.*