GEORGE L. CLARKE & another, trustees, *vs.* MARY B. RATH-
BONE & others.

Suffolk. March 8, 9, 1915. — September 16, 1915.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Devise and Legacy.*

A testator provided that, upon the death of his last surviving child, a trust fund
established by his will should be distributed "to such of my grandchildren as
shall then be living in equal shares." He also provided in regard to one of his
grandchildren, whom he had adopted as a child, after reciting the fact of his
adoption, as follows: "Now be it known that it was not, nor is it my inten-
tion thereby to have the said [naming the grandchild thus adopted as a child]
share in my estate as one of my children, but that he should take under my
Will only the share of a grandchild." The grandchild thus referred to died
before the termination of the trust leaving a son, and later, upon the death of
the testator's last surviving child, this great-grandchild claimed the share of a
grandchild under the provision first above quoted on the ground that he was a
grandchild because of the adoption of his father and that the above provision
as to treating his father as a grandchild did not affect his rights. *Held,* that
the testator intended that for the purposes of taking property under his will
the adoption should be disregarded, and that the great-grandchild claiming
to be a grandchild by reason of such adoption should be excluded from the
distribution.

A testator made the following provision in regard to the distribution of the income
of a trust fund established by his will: "To pay all the remainder of said income
. . . in equal shares to my several children . . . [naming them] for, and during
the period of the natural life of each of my said children. And upon the de-
cease of any of my said children, the share, or shares, of said deceased child, or
children, not withstanding such deceased child or children shall leave issue
surviving, until after the decease of all my said children, when I direct:" Here
followed a direction to distribute the trust fund among his grandchildren then
living. *Held,* that, there being nothing to indicate what words had been omitted,
the missing words in the incomplete sentence could not be supplied by con-
jecture, but that the words as they stood showed that the income was given to
the children named as a class, and that upon the death of one of them the
income was to be paid to the survivors until, upon the death of all but one, the
whole income was to be paid to the last survivor until his or her death.

BILL IN EQUITY, filed in the Supreme Judicial Court on October
30, 1914, by the trustees under the will of Alfred L. Baury, late of
Newton, who died in the year 1865, for instructions as to the du-
ties of the plaintiffs in the distribution of the principal and ac-
cumulated income of the trust fund upon the death of Elizabeth

P. Baury, the last surviving child of the testator, who died on August 30, 1914.

The fourth article of the will provided that the trustees upon the death of all the testator's children "shall distribute such trust property remaining in their hands, to such of my grandchildren as shall then be living in equal shares; so that none shall take by representation, but all per capita."

Later in the same article of the will was the following provision: "And having adopted one of my grandchildren Louis. Paul, Otis, son of Doctor George A. Otis, and my deceased daughter, Pauline, wife of said George A. Otis, as my own child, and having had the name of said Louis Paul. Otis, changed to that of Alfred Louis. Baury, by an act done before the court of Probate for the district of Suffolk, dated the twenty first day of March A.D. 1864, Now be it known that it was not, nor is it my intention thereby to have the said Alfred Louis Baury share in my estate as one of my children, but that he should take under my Will only the share of a grandchild."

Louis Paul Otis, whose name, as recited in the will, was changed to Alfred Louis Baury on March 21, 1864, was born on July 10, 1863, and died in the year 1913 during the lifetime of Elizabeth P. Baury. He left a will by which he gave all his property to his widow, Mary C. Baury, who was appointed executrix of his will and was one of the defendants. He left a son, the defendant Alfred L. Baury, whose contention is stated in the opinion.

The portion of the will whose interpretation was sought in relation to the distribution of accumulated income, which also was contained in the fourth article, was as follows:

"To pay all the remainder of said income, rents, or profits of my estate, both real and personal, whatever the same may be from time to time from the extinguishment of charges, or the expiration of annuities, in equal shares to my several children, as nearly quarterly as may be convenient; that is to say, To Mrs. Catherine Henshaw Jackson, wife of Doct Samuel Jackson, U.S.N. Elizabeth Platt Baury, Mrs. Caroline, Hayward Bradford, wife of Capt Robert F. Bradford, U.S.N. and Frederic Francis Baury U.S.N. for, and during the period of the natural life of each of my said children. And upon the decease of any of my said children, the share, or shares of said deceased child, or children, not

withstanding such deceased child or children shall leave issue surviving, until. after the decease of all my said children, when I direct."

The case was heard by *Pierce*, J., who at the request of the parties reserved and reported it on the pleadings and the facts which had been agreed by the counsel of the parties in open court for determination by the full court.

*F. Brewster*, for the plaintiffs, stated the case.

*F. Rackemann*, for the defendant Mary B. Rathbone and others.

*H. E. Warner*, for the defendant Alfred L. Baury.

*H. M. Davis*, for the administrator of the estate of Elizabeth P. Baury.

*C. H. Sprague*, for the defendant Mary C. Baury, submitted a brief.

*E. F. Fish*, for the defendant Rollin H. Allen, submitted a brief.

LORING, J. 1. We are of opinion that by the true construction of the "Fourth" article of the will of the testator the principal of the trust fund is now to be distributed among the grandchildren living at the date of the death of Elizabeth P. Baury, the survivor of his children.

The defendant Alfred L. Baury, who is a child of a grandchild, contends that through the testator's adoption of his father he (this defendant) became a grandchild of the testator and that in this way he is entitled to a share in the distribution of the trust fund.

But after referring to the adoption of this defendant's father, the testator made this provision: "Now be it known that it was not, nor is it my intention thereby to have the said Alfred Louis Baury share in my estate as one of my children, but that he should take under my will only the share of a grandchild." In our opinion that clause is decisive against the contention now made by this defendant, and it makes it unnecessary to consider what would have been the result had not that clause been inserted in the will.

The contention of this defendant (the great-grandchild) to the contrary is based on the contention that this clause defines the *status* of the adopted child (his father) and states the property which the adopted child (who was naturally a grandchild) was to receive under the will of the testator. But that neither in

terms nor in substance does it undertake to deal with the *status* of a child of the adopted child of the testator. The argument is that if that had been the intention of the testator he would not have changed the form of expression used in the first sentence (it is not my intention to have "Alfred Louis Baury share in my estate as one of my children") to that used in the second sentence ("but that he should take under my will only the share of a grandchild"). The contention is that, if the testator had meant to provide that the *status* of his father (who was in fact the grandchild of the testator and by adoption his child) should remain that of grandchild for all purposes he would have cast the second sentence in the same form as that in which he cast the first sentence and would have provided "that he should take under my will as a grandchild only." We are of opinion, however, that this argument calls for too nice a use of words to be adopted as the true rule of construing the will of this testator. It is apparent, in our opinion, that by this clause the testator intended that for the purposes of taking property under his will the adoption should not make a difference.

If the construction contended for by this defendant were correct, the father of this defendant (the adopted child) and the defendant himself (his child and so a grandchild of the testator) would both have taken a share as grandchildren if both had been living when the time came for the distribution of the *corpus* of the trust estate; the adopted son because he was in fact a grandchild, the defendant because by the adoption of his father he had become a grandchild and because this clause did not exclude him. We cannot believe that this result was what the testator intended in that event.

2. The other question presented concerns the income which accrued during the life of the last surviving child of the testator. The clause of the will which deals with the income of the trust fund is manifestly an incomplete sentence. No effect can be given to it except on the assumption that some words have been omitted and by supplying the missing words. But there is nothing from which it could be determined what the missing words to be supplied are, if there are missing words to be supplied.

The administrator of the estate of the last survivor of the life tenants contends that if the period between the words "children"

and "And" is omitted and the fact that the word "And" begins with a capital is disregarded, the sentence becomes complete. But we are not able to reach that conclusion in case the period is omitted and the fact that "And" begins with a capital is disregarded. In that case the gift of the income is in these words: "To pay all the remainder of said income . . . in equal shares to my several children . . . [naming them] for, and during the period of the natural life of each of my said children and upon the decease of any of my said children, the share, or shares of said deceased child, or children, notwithstanding such deceased child or children shall leave issue surviving, until after the decease of all my said children." The sentence is still an incomplete one. In arguing that it is not, the learned counsel really asks us to supply the words "shall be paid in like manner to the (other) children," and to insert the words thus supplied between the words "deceased child or children" and "notwithstanding." There is nothing in the will which makes it certain that these are the words which were omitted. Under these circumstances they cannot be supplied. *Metcalf* v. *Framingham Parish,* 128 Mass. 370. *King* v. *Viscoloid Co.* 219 Mass. 420.

Although this incomplete sentence does not provide for the disposition of the income after the death of one or more of the life tenants, it does make plain that the distribution of the principal is not to take place "until after the decease of all my said children." The clause from which there are missing words must be disregarded. Item 3 of article "Fourth" is there as follows: "To pay all the remainder of said income . . . in equal shares to my several children . . . for, and during the period of the natural life of each of my said children . . . until after the decease of all my said children, when I direct" that the *corpus* be distributed among my grandchildren then living, *per capita.*

We are of opinion that by the true construction of this item of the "Fourth" article the income was given to the children named as a class, and that upon the death of one the income was to be paid to the survivors, and upon the death of all but one it went to the last survivor. The provisions of item 3 are very like the provisions of the will in *Meserve* v. *Haak,* 191 Mass. 220. What was said in the opinion in that case is applicable here. See also *Loring* v. *Coolidge,* 99 Mass. 191; *Wheaton* v. *Batcheller,* 211 Mass. 223.

It is certain that there is no intestacy. See *Brown* v. *Wright,* 168 Mass. 506.

The result is that the plaintiffs should be instructed to distribute the principal of the trust fund among the ten defendants, Mary B. Rathbone, Katherine H. Muller, Katherine B. Treadwell, Robert F. Bradford, Pauline B. Bradford, Caroline B. Jansen, Sarah B. Richardson, Agnes P. O. Smedes, Nancy Otis Winston and Baury de B. Bradford, or their assignees so far as they have made assignments of their interests; and that the income which accrued after the death of the other children and before the death of the last surviving child of the testator (Elizabeth P. Baury), should be paid to George L. Clarke, as administrator of her estate.

*Decree accordingly.*