JAMES H. DUFFY & another, executors & trustees, *vs.* F. RAYMOND BOURNEUF & others.

Suffolk. March 29, 1917. — June 27, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, & CROSBY, JJ.

*Devise and Legacy,* Specific legacy.    *Trust,* Construction.

A testator, who at the time of the making of his will had a son thirteen years of age and two daughters still younger and was a member of a copartnership, in a will drawn with care and skill at the end of a paragraph making ten pecuniary legacies in separate clauses, included a clause reading as follows: "As it is my purpose to preserve as far as possible for the benefit of my son my interest now or to be acquired in the business now being conducted as a partnership . . . I desire, in the event of my interest in said business being represented by shares of stock, that the above bequests and gifts be made from my property other than from the said shares of stock or their sale." The succeeding

paragraph of the will placed the rest and residue of the property in the charge of trustees, among other purposes to use one quarter of the income for the support and education of the son until he was twenty-one years of age, and a quarter each for the support and education of the daughters until they reached twenty-five years of age, and, when the children respectively reached such ages, to divide the principal among them in equal portions. Shortly after the execution of the will the business of the partnership was incorporated, and less than two years after its date the testator died. *Held*, that the quoted clause did not constitute a specific bequest to the son of shares of stock in the corporation, nor could it be construed to be a specific bequest by implication.

*It was stated* that a reasonable interpretation of the clause above quoted was, that the testator hoped that his son at some future time would become identified with the business which the testator had established, and that he had confidence that the trustees, acting in harmony with the other members of the family, so far as possible would respect his wishes and would carry them into effect.

BILL IN EQUITY, filed in the Supreme Judicial Court on January 19, 1917, and afterwards amended, by the surviving executors and trustees under the will of Louis Bourneuf, late of Lynn, for instructions.

The provision of the will quoted in the opinion is followed by article 3, which is a general residuary bequest of all the testator's estate in trust. Special provision is made with respect to one parcel of real estate which the testator gives to his children when the youngest reaches twenty-five, and which the testator permits his own relatives to occupy in the meantime; and as to the balance of his property, subject to an annuity for his mother of $50 a year, the paragraph establishes trusts for his widow and each of his children. His son, the defendant F. Raymond Bourneuf, was to receive his share of the principal of the trust on reaching twenty-one years of age, being supported out of the income in the meantime. Similar provisions were made for the daughters, except that they were not to receive their shares of the principal until they should reach twenty-five years of age.

Other material allegations of the bill and provisions of the will are described in the opinion.

A guardian *ad litem* was appointed of the two daughters of the testator who were minors. The suit was heard, upon the bill as amended and answers, by *Pierce*, J., and afterwards a final decree was entered by his order, that "the plaintiffs be and they hereby are instructed as follows:

"1. Under the said will of Louis Bourneuf the said shares of stock in the Louis Bourneuf Corporation of which the said Louis

Bourneuf died possessed passed to, and are now properly in, the possession of the said executors of the will of Louis Bourneuf as a part of the residue of the estate, and the said stock or its proceeds, or such part thereof as may remain after the administration of the estate has been concluded by the said executors, passes then to the said trustees.

"2. The said shares of stock did not pass to the defendant F. Raymond Bourneuf."

The defendant F. Raymond Bourneuf appealed.

*J. H. Duffy*, for the plaintiffs, stated the case.

*F. W. Mansfield*, for the defendant F. Raymond Bourneuf.

*J. G. Palfrey*, guardian *ad litem* for the defendants Marguerite and Hazel·Bourneuf.

*C. H. Donahue*, for the trustees.

CROSBY, J.   This is a bill in equity for instructions brought by the surviving executors and trustees under the will of Louis Bourneuf.   The will is dated April 11, 1907.   The defendants are the son and two daughters of the testator, the widow having died on February 4, 1914.

At the time of the execution of the will and for a considerable time previous thereto, the testator was a member of a partnership known as Louis Bourneuf and Company, a firm in which he had a half interest.   Before his death but after the execution of the will, the business of the partnership was incorporated under the name of Louis Bourneuf Corporation, the capital stock being $100,000, divided into one thousand shares of which the testator owned four hundred and ninety-nine at the date of his death.   The corporation is engaged in the manufacture and sale of materials for plumbers, and for steam and gas fitters.

By the second article of his will the testator gave ten pecuniary legacies and concluded that article with the following clause: "K.   As it is my purpose to preserve as far as possible for the benefit of my son my interest now or to be acquired in the business now being conducted as a partnership under the name of Louis Bourneuf & Company, I desire, in the event of my interest in said business being represented by shares of stock, that the above bequests and gifts be made from my property other than from the said shares of stock or their sale."

Under article 3, all the residue and remainder of the estate

is given to the executors in trust for the uses and purposes therein set forth.

It is the contention of the defendant, F. Raymond Bourneuf (who is now more than twenty-one years old and who was to receive his share of the estate on arriving at that age), that under clause K of article 2, he is entitled to receive all the stock in question as a specific bequest to him and that the stock is not a part of the residue or of any trust created by the will.

The phraseology of clause K indicates that the testator desired his only son should succeed him in the business which by his efforts had been established and made profitable. For that reason he did not want his interest therein to be sold for the payment of the legacies given under article 2, but provided that such legacies should be paid out of other property.

Clause K cannot be construed as an absolute gift to the son of the shares of stock: it is in the nature of an introduction or explanation of the reason why he desired to preserve, so far as possible, his interest in the business for the benefit of his son. The language employed falls far short of creating a specific bequest. *Poor* v. *Bradbury*, 196 Mass. 207, 210.

The language of clause K not only fails expressly to create a specific bequest, but such bequest cannot be implied when the will is considered as a whole, in view of the attendant circumstances and the reasonable inferences to be drawn therefrom. *Metcalf* v. *Framingham Parish*, 128 Mass. 370. *Boston Safe Deposit & Trust Co.* v. *Buffum*, 186 Mass. 242. *Polsey* v. *Newton*, 199 Mass. 450, 453.

The fact that the clause in question is found at the end of article 2 creating ten pecuniary legacies, does not show any intention to make a gift to the son; it relates to the property from which the preceding legacies given in that article are to be paid. If the testator had intended to make a gift of the stock, he would naturally have used appropriate words to express that intention. The expression of a purpose to preserve the business for the benefit of his son as far as possible does not constitute a gift.

The age of the son when the will was drawn is a significant circumstance. At that time he was about thirteen years old, and was less than fifteen years of age at the date of the testator's death. It seems unlikely that the latter intended to make an

absolute gift of his entire interest in the business to his young son, who was without experience or knowledge of business affairs.

It also appears from an examination of the will that all other devises and bequests to the children of the testator, including one fourth of the residue to the son, were not to be received by them until they arrived at a specific age. It is also to be observed that in the distribution of the residue of the estate, the children were given equal shares. There is nothing to show that the testator intended to prefer his son over his daughters or give to him a larger share of the estate; if the true construction of the will is as contended for by the son, he would receive in the distribution of the residue a much larger portion of the estate than his sisters.

The will seems to have been drawn with care and skill, and apparently has expressed the wishes of the testator in apt and appropriate language. If he had intended to make a specific gift of the stock to his son, naturally he would not have provided that it should not be used for the payment of legacies, as such a bequest as matter of law could not be taken for that purpose. *Towle* v. *Swasey,* 106 Mass. 100.

It would seem to be the reasonable interpretation of clause K, in connection with the rest of the will, that the testator hoped his son would at some future time become identified with the business which he (the testator) had established; that he had confidence that the trustees who were familiar with the business, acting in harmony with the other members of his family, would so far as possible respect his wishes and carry them into effect. Such a desire on his part cannot be construed as creating a specific bequest. *Lathrop* v. *Merrill,* 207 Mass. 6. *Springfield Safe Deposit & Trust Co.* v. *Dwelly,* 219 Mass. 65, 70. *Clarke* v. *Rathbone,* 221 Mass. 574.

The stock is properly in the possession of the executors as a part of the residue of the estate; and it or its proceeds, or such part thereof as may remain after the estate has been administered by the executors, will pass to the trustees.

*Decree affirmed.*