ᴼ

DEBORAH SOUTHWICK, Appellee, v. CHARLES SOUTHWICK
et al., Appellants.

**WILLS:** Construction—Life Tenant's Power to Sell. A life tenant
possesses no *absolute* power to sell the subject-matter of the
estate, unless such power (a) is *clearly* given in the instru-
ment which creates the estate, or (b) is *necessarily* implied
from the language of such instrument.

PRINCIPLE APPLIED: A testator devised all his property
to his wife, "to have and to hold and use as her needs may re-
quire, so long as she may live." The will also provided that,
after the death of said wife, "the residue of said estate shall be
equally divided" among named children. During the six years
following the death of the testator, the use and income of the
property proved to be ample for the wife's support. *Held*, the
wife had no *absolute* power to sell the property.

*Appeal from Jones District Court.*—F. O. ELLISON, Judge.

SEPTEMBER 21, 1918.

ACTION to construe a will. Opinion states the facts.—
*Reversed.*

*Remley & Remley* and *Barnhart & Stewart,* for appel-
lants.

*George C. Gorman,* for appellee.

GAYNOR, J.—This action is brought in equity, to secure
the construction of the provisions in a will:

"1st. After the payment of all my just debts and fu-
neral expenses, I give, devise and bequeath unto my wife,
Deborah. A. Southwick, all my property, both real and per-
sonal of which I may die seized, * * * to have and to hold
and use as her needs may require, so long as she may live.

"2d. After the death of my wife * * * I direct and will
that after providing and erecting a suitable monument on
my lot * * * that the residue of said estate shall be equally

divided, share and share alike, among my children" (naming them).

This will was executed on the 5th day of December, 1907. The maker of the will, Wesley Southwick, died on the 1st day of January, 1910. The will was not probated until the 29th day of January, 1916. After the will was probated, the plaintiff, the widow, elected and consented to take under the will. Some controversy has arisen between the widow, on the one side, and the children and their representatives, on the other, as to the proper construction to be given to the will. It is the claim of the plaintiff, widow, that, under the will, she takes a life estate, with the power of sale added; that she has the absolute right, if she so elects, to sell and dispose of all the property coming to her under the will, whether her needs require it or not. This is the only question in controversy in this case.

Many wills similar to the one under consideration have been before this court, and the same claim with respect to them urged as is urged here. Since the death of the testator, in 1910, until the commencement of this action, in 1916, the plaintiff has been in the possession and enjoyment and use of all the property covered by the will. There is no contention that, in the use of the property, she has not found ample means for her support and maintenance. All her needs have been supplied during this interval, so far as this record shows, out of the use of the property during that time. In the bringing of this action, however, she contends that, by the will, there is invested in her, not only the right to use the property during her natural life, as her needs may require, but also that there is invested in her an absolute right to alienate the property, to sell and dispose of it as she wills, and to use the proceeds as she may elect; that the rest and residue referred to in the second clause of the will is only that which shall be left for division after she has exercised this claimed right.

A few of our cases serve to demonstrate our holdings. In *Webb v. Webb,* 130 Iowa 457, the contention was that the will gave to the widow a life estate, with the power of sale added. The provision of the will under consideration was: "I devise to my wife all my personal property of every kind and description to have to hold by her during her life, and at her death the same or whatever remains to be divided between my children equally." The court held that she took, under this provision of the will, a life estate, with power of sale added.

In *Haviland v. Haviland,* 130 Iowa 611, the court had before it the following provision: "I give, devise and bequeath to my wife * * * all my property * * * for her exclusive use and benefit during her life, and after her death and funeral expenses are paid what remains to be equally divided between my children." Held that, under this provision, she took a life estate, without power of sale added.

In *In Re Estate of Condon,* 167 Iowa 215, the will provided: "I give to my wife, Mary J. Condon, all of my property * * * for her own use and benefit during her natural life, and at her death, I direct what is, then remaining of the estate shall be equally divided between my children." Held that she took merely a life estate, without the power of sale added.

In *Benham v. Turkle,* 173 Iowa 598, we undertook to distinguish the holding in the *Webb* case from the holding in the *Haviland* case.

Where words in a will indicate an intention to limit the estate granted to the life of the devisee, and they fairly import that purpose, we must assume that to be the intent of the testator. Why use these words of limitation when the larger estate is intended? If the intention of the testator is to create in his wife an absolute estate by the devise, apt words to evidence that purpose are not wanting. It has been held, however, that, even though there be words

of limitation,—words expressing a purpose to limit the es-
tate devised to the life of the devisee,—yet if, with this lim-
itation, there is given in the same instrument unlimited
power of disposal, the remainderman takes only that which
remains undisposed of.   The remainderman takes the fee
in the real estate, subject, however, to have it divested by
the exercise of the power of sale granted to the life tenant.
But where the words, in their usual and ordinary significa-
tion, indicate a purpose to devise only a life estate, with the
remainder over, the right of the life tenant to divest the
remainderman by sale during the continuance of the life
estate ought clearly to appear in the instrument itself; or,
at least, it ought to be necessarily implied in the instru-
ment, from its wording.   In the instrument before us, the
testator gave to his wife his property, to have and to hold
and use as her needs may require, so long as she may live.
He gave it to her to have and to hold and use only so long
as she live, and then only so much of it as her needs might
require during that period of time.   His purpose was that
the remainder of the estate, after carving out of it the life
estate, should, upon the expiration of the life estate, be
equally divided among his children.   We think it is man-
ifest from this will that the intention of the testator was
that the wife should take only a life estate in the property
devised, to hold and have and use as her needs might re-
quire,—that is, during her life.   During the eight years
that have intervened since the death of her husband, she
has been in possession of this property, and from its use
her needs have been supplied.   There is no showing in this
record that she needs more for her support and mainte-
nance than the income from the estate.   To enjoy, she must
have and hold.   To have and to hold were necessary to the
use which was granted.   The use was limited to her needs
and to her life.   We find no words in the will enlarging or
extending the estate or power of the widow, devisee, in the

estate, beyond the words found in the clause under which, she acquires her right; and this clause limits the estate granted and her right in the estate and her power over the estate, to hold and use the same as her needs may require, as long as she may live.

We think the *Webb* case, supra, went to the limit in finding implied power to sell, even under the wording of that will, and we are not disposed to extend it. We reach the conclusion that the court erred in holding that the widow had an absolute power of sale under the provisions of this will, and the cause is, therefore,—*Reversed.*

PRESTON, C. J., WEAVER and STEVENS, JJ., concur.