IDA MOORE LACHMUND et al., Appellees, v. HARRIET M. MOORE et al., Appellees; ADA E. AMBLER, Appellant.

WILLS: Construction—Unlimited Devise of ''Rents and Profits.'' An *unqualified* gift of the rents and profits of real estate is a gift of the real estate itself.

*Appeal from Cass District Court.*—O. D. WHEELER, Judge.

### FEBRUARY 8, 1921.

### REHEARING DENIED DECEMBER 15, 1921.

SUIT in equity, to construe a will and to quiet title. There were answers and cross-bills by the defendants. The decree awarded the property to the defendant Harriet M. Moore, and dismissed the petitions and the cross-bills of all other defendants. The defendant Ambler appeals.—*Affirmed.*

*Tinley, Mitchell, Pryor & Ross,* for appellant.

*Swan & Swan, B. A. Goodspeed,* and *Porter, Faulkrod & McCullagh,* for appellees.

EVANS, C. J.—The will of the testator provided as follows:
''I give and bequeath all my personal estate with the annual income or yearly rentals from my real estate to my beloved wife, Mary A. Moore * * * with the distinct understanding that my beloved wife in like manner shall will to our beloved daughter, Harriet M. Moore, all her personal estate and make the said Harriet M. Moore executor of her will.

''I also grant to the said Harriet M. Moore the annual income or yearly rentals of my real estate after her mother's decease.''

The testator died in the year 1905, and left surviving him his widow, Mary Moore, and three children as his heirs at law. These latter were the plaintiff Ida Moore Lachmund, Harriet M. Moore, and George Moore, Jr. The widow accepted under the will. She died testate in 1916, leaving her property to

Harriet M. Moore. The testator was a resident of Philadelphia at the time of the making of the will and at the time of his death, and the same was true of his widow. The estate of the testator included 120 acres of land in Cass County, Iowa. The will was probated here as a foreign will. The plaintiff claims to be the owner of an undivided one third of the fee to such land, subject to the life use thereof by Harriet M. Moore. The defendant Ambler also claimed to be the owner of an undivided one third of the fee, subject to the life use of Harriet M. Moore. Ambler was the judgment creditor of George Moore, Jr., and acquired her alleged interest in the land by purchase at execution sale under her judgment.

It will be noted that the will in terms gave to Harriet M. Moore, without any limitation, all the rents and profits of the real estate in question. In the absence of some provision of the will indicating the contrary intent, such a disposition of the rents and profits carries with it the *corpus* of the estate. There is no conflict of authority upon this proposition. The trial court based its decree upon it, and awarded the property to the defendant Harriet. The application of the rule herein has found support in the presumption to be indulged against intestacy.

The argument for appellant is that the testator must be presumed not to have intended to disinherit his other children. But the will did disinherit them. It did so in direct terms as to the personal property and as to the income of the real estate. Doubtless the testator had his own reasons for his course. Whether good or bad, they are not subject to review. The reasons which induced partial disinheritance may have been adequate as reasons for total disinheritance. He may have foreseen the judgment creditor and the execution sale as something to be avoided. We see no room herein for the operation of the alleged presumption. Nor do we thereby imply that such presumption obtains, in a legal sense. The intention of the testator is to prevail. But such intention must be ascertained from the terms of the will, and from nothing else. The decree of the district court was right, and it is, accordingly;—*Affirmed.*

WEAVER, PRESTON, and DE GRAFF, JJ., concur.