IN RE ESTATE OF IDA F. VAIL.

ADALINE GEIST, Petitioner, Appellant, E. E. WAGNER, Executor, Objector, Appellee, NETTIE I. TIGGEMANN MCKEE, Objector, Appellee.

No. 43696.

MAY 4, 1937.

Corbett & Corbett, for petitioner and appellant.

Fisher & Riter and Herrick & Ary, for objectors and appellees.

KINTZINGER, J.—Appellant filed an application in the district court of Lyon county, Iowa, for the construction of the will of Ida F. Vail, deceased, late of Rock Rapids, Iowa.

That part of the will material for the determination of this case is set out as follows:

"Par. 5. To each of the following named persons I give, devise and bequeath the sum set opposite the respective names:

"To Ben B. Packard, of Three Rivers, Calif., Seven Thousand ($7,000) Dollars;

"To Nettie I. Tiggemann, of Cherokee, Iowa, Seven Thousand Dollars,

"To Raynor J. Packard, of Austin, Colo., Seven Thousand Dollars,

"To Zoe Cochrane, of Creston, Iowa, Seven Thousand Dollars.

"*To Adaline Geist, of Norfolk, Neb. the annual income from Seven Thousand Dollars invested in securities and held by my executor for this purpose.*

"*Also $2,000.00 in cash or securities at my death.*

"To Merle Packard, of Hiawatha, Kansas, the annual income from Seven Thousand Dollars invested in securities and held by my executor for this purpose. To enable the children of said Merle Packard to obtain a college education my executor is further empowered to apply the sum of $500.00 from the principal of this bequest annually for that express purpose.

"To Thaxter Packard, the annual income from Five Thousand Dollars, invested in securities and held by my executor, when said Thaxter Packard attains the age of 35 the principal sum of this bequest shall be paid to him. And in case any one or more of the legatees named in this paragraph shall fail to survive me, the bequest shall go to the children of such deceased legatee, share and share alike; and in case no children survive then said bequest shall revert to and become a part of my residuary estate." (Italics ours.)

That part of the foregoing paragraph submitted for our construction is the bequest to Adaline Geist set out in italics.

Appellant contends that the bequest contained in said paragraph 5 giving Adaline Geist "*the annual income from Seven Thousand Dollars* invested in securities," and also "$2,000 in cash or securities at my death," is an absolute bequest not only of the $2,000 left to appellant, but also of the additional principal of $7,000. It is conceded that the $2,000 bequest is absolute.

As the entire will must be considered in construing any part of it, we set out other parts which might be considered in the construction of that part in question, as follows:

"Par. 4. I further direct my executor to set aside the sum of Fifteen Thousand ($15,000.00) Dollars in securities, the income from which I hereby bequeath to said Frank Packard, of Eckert, Colorado, during his lifetime, and at his death, if his wife survives him, then to her during her remaining life. Upon the death of both said Frank Packard and his wife the said sum

of $15,000.00 shall revert to and become part of my residuary estate.

"Par. 5. * * * (hereinabove set out.)

"Par. 6. To Laura Mills, of Dallas, Texas, I bequeath the sum of Three Thousand ($3,000.00) Dollars; to Pauline Mills of the same City, the sum of One Thousand ($1,000.00) Dollars; to Deyo Mills of the same City, the sum of One Thousand ($1,000.-00) Dollars; to Leo Mills of the same City, the sum of Five Hundred ($500.00) Dollars.

"Par. 7. To Alta Mills Belden of Dallas, Texas, I bequeath the annual income from Five Thousand Dollars in securities to be set aside for that purpose and held by my executor; and at her death, said income to be paid to her husband if he survives her; and upon the death of both, said $5,000.00 to be divided share and share alike between Charles F. Mills, Pauline Mills and Laura Mills.

"Par. 8. To Charles F. Mills, of Dallas, Texas, *I bequeath the annual income from Five Thousand Dollars, in securities* to be set aside for that purpose; the same to be held by my executor; and at his death said sum to revert to my residuary estate. * * *

"Par. 12. All the residue and remainder of my estate I give, devise and bequeath unto Nettie I. Tiggemann, Raynor J. Packard, Merle Packard and Zoe Cochrane, share and share alike."

The lower court held that the annual income from $7,000 bequeathed to Adaline Geist in paragraph 5 simply gave her the annual income therefrom for life, and was not an absolute bequest of the full amount. From this ruling the petitioner appeals.

The only question for our consideration is whether or not Adaline Geist took a life estate or an absolute estate in that part of the bequest giving her the annual income from $7,000.

The cardinal principle used in the construction of wills is to take the will by its four corners and determine what was the real intent of the testator.

Appellant contends that because the annual income of said $7,000 is bequeathed her without limitation as to continuance or duration, and contains no limitation as of a life estate, that it constitutes an absolute bequest of the fund itself.

It will be noted that under the terms of the will, Adaline Geist receives two bequests, one, *the annual income from $7,000 invested in securities and held by the executor for this purpose;* the other a bequest of $2,000 in cash or securities at the testator's death. The bequest of the annual income is not limited as to time. If that bequest stood alone, it might, in the absence of a residuary clause, be held to be an absolute bequest of the entire $7,000. This contention finds support in Busby v. Busby, 137 Iowa 57, 114 N. W. 559, and Lachmund v. Moore, 192 Iowa 980, 181 N. W. 4.

In Busby v. Busby, 137 Iowa 57, loc. cit. 62, 114 N. W. 559, 561, this court, in considering a somewhat similar bequest, said:

"Subject to the condition of remarriage, the gift must be taken as absolute within the intention of the testator. We should be required to so hold, even though the bequest in form of words was only of the use or income of the fund. 'The bequest of the interest, income, or produce of a fund to one * * * without limit as to continuance or time is a bequest of the corpus of the fund itself; and this effect will be given by construction, whether the gift be made directly to the legatee or through a trustee's intervention. *This holds especially true where the will makes no gift over, for a partial intestacy should not be presumed.*'" (Italics ours.)

Of similar import is Lachmund v. Moore, 192 Iowa 980, 181 N. W. 4, where an unqualified gift of the rents and profits of real estate was granted. In that case this court also held that such a bequest was a gift of the real estate itself.

In each of the foregoing cases, however, there was no provision for a disposition of the residuum of the estate, and the rulings therein made were largely based upon the fact that a partial intestacy would not be presumed.

Therefore, if no residuary disposition had been contained in the will under construction, we would be impelled to hold that an absolute bequest was made.

Paragraph 12, however, provides for a disposition of the remainder of the estate as follows:

"All the residue and remainder of my estate I give, devise and bequeath unto Nettie I. Tiggemann, Raynor J. Packard, Merle Packard and Zoe Cochrane, share and share alike."

Paragraph 5 of this will contains two bequests for Adaline Geist—one of the annual income of $7,000, and the other of $2,000 in cash. If the testatrix had intended to give Adaline Geist the $7,000, it is difficult to understand why this amount was not added to the $2,000 bequest immediately following, and thus make a single gift of the entire $9,000. Why should the testatrix have limited the first bequest to the income therefrom if she intended to grant an absolute bequest thereof? The very fact that she granted an absolute bequest of the $2,000 and limited the $7,000 bequest to the annual income therefrom strongly indicates that she intended to grant only a life estate in the $7,000.

It will also be noticed that in the same paragraph containing the bequest to Adaline Geist, there also appears four outright bequests of $7,000 immediately preceding the limited bequest to Adaline Geist. The fact that these bequests of a similar amount appear immediately preceding that giving Adaline Geist the annual income only from the same amount would strongly indicate that the testatrix intended to give her the income therefrom for life only.

Again paragraph 7 gives the annual income from $5,000 to Alta Mills Belden, the securities to be set aside for that purpose and held by the executor. This provision is substantially similar to the bequest in paragraph 5 giving Adaline Geist "the annual income from $7,000 invested in securities and held by my executor for this purpose." That the bequest to Alta Mills Belden is only a life estate is shown by the fact that at her death the income is to be paid to her husband, if he survives her, and upon the death of both, the principal amount is to be divided, share and share alike among Charles F. Mills, Pauline Mills and Laura Mills. If no reference was made for a different disposition of the residuum, it would necessarily have gone to the legatees named in paragraph 12. The grant in paragraph 7 to Alta Mills Belden was, therefore, simply a life estate.

If it is evident from a reading of the entire will that it was the intention of the testatrix to grant only a life estate, such intention must be carried out. Boekemier v. Boekemier, 157 Iowa 372, 138 N. W. 493; Southwick v. Southwick, 184 Iowa 336, 168 N. W. 807, 808. In the latter case, loc. cit. 338, this court said:

"Where words in a will indicate an intention to limit the

estate granted to the life of the devisee, and they fairly import that purpose, we must assume that to be the intent of the testator. Why use these words of limitation when the larger estate is intended?"

So in the case at bar, if the decedent had intended to give Adaline Geist an absolute estate in the $7,000, it is natural to suppose that this amount would have been added to the $2,000 cash bequest immediately following.

The intention of the testator is ever the polestar in the interpretation of wills, and the object is always to discover that intent by an examination of the language used in the entire will. Boekemier v. Boekemier, 157 Iowa 372, 138 N. W. 493; Iowa City State Bank v. Pritchard, 199 Iowa 676, 202 N. W. 512; In re Bunting's Estate, 220 Iowa 186, 261 N. W. 922.

The fact that several absolute bequests in various amounts are made in paragraph 6 of the will also indicates a similar implication.

There is no repugnancy between the terms of the devise giving Adaline Geist the annual income from the $7,000; and the provision for disposition of the residuum appearing in paragraph 12. The terms of the former do not convey an absolute estate in the $7,000. In fact, the words imply that appellant is to receive only the annual income therefrom.

The absolute bequest of $2,000 appearing in the same paragraph with a grant of the annual income from $7,000 in connection with a disposition of the residuum appearing in paragraph 12 gives no support for any presumption to be indulged in against intestacy.

Appellant contends that because no language is used expressly limiting the bequest to a life estate, that it should be construed as an absolute bequest. This is not the general rule, for a will may be construed as creating a life estate although no such limitation is expressed, if the entire will shows an intent so to do. 69 Corpus Juris, 539; Boekemier v. Boekemier, 157 Iowa 372, 138 N. W. 493; Southwick v. Southwick, 184 Iowa 336, 168 N. W. 807; Bradbury v. Jackson, 97 Me. 449, 54 Atl. 1068; Sampson v. Randall, 72 Me. 109; Winn v. Bartlett, 167 Mass. 292, 45 N. E. 752.

The rule is stated in 69 Corpus Juris, 539, as follows:

"A life estate may be created without the use of express

words but by implication from the language of the will which has been said to be but another way of saying that it may be construed from the whole will."

In Bradbury v. Jackson, 97 Me. 449, 54 Atl. 1068, loc. cit. 1072, the court said:

"A gift of the income of personal property is a gift of a life estate. Sampson v. Randall, 72 Me. 109. If there is nothing in a will to show an intention that anything should be paid to a legatee except the income of a fund during life, the fund upon his death falls into the residue. Winn v. Bartlett, 167 Mass. 292, 45 N. E. 752. Here there is ample evidence that the testator intended to give no more than the income, and that intention must be given effect. In re Morgan (1893) L. R. 3 Ch. 222, Lindley, C. J., says: 'I should have thought that upon the will the matter was reasonably plain, but we are pressed with authorities. Now, I do not see why, if we can tell what a man intends, and can give effect to his intention as expressed, we should be driven out of it by other cases, or decisions in other cases. * * * if you once get at a man's intention, * * * there is no law to prevent you giving it effect.' "

Of similar import is Winn v. Bartlett, 167 Mass. 292, 45 N. E. 752.

Paragraph 12 disposes of the remainder not otherwise disposed of under the terms of the will. Under such a residuary clause there is no intestacy of any part of the will. A residuary clause is intended to convey all property which has not been disposed of by the will.

"The terms 'rest,' 'residue,' and 'remainder' of an estate are usually and ordinarily understood as meaning that part of the estate which is left after all of the other provisions of the will have been satisfied." In re Will of Richter, 212 Iowa 38, 44, 234 N. W. 285, 288.

As the corpus of the $7,000 has not been otherwise disposed of, it is our conclusion that it is covered by the residuary clause contained in paragraph 12.

No language is used in the entire will tending to show that Adaline Geist was to receive anything more than the income of the $7,000 in question for the term of her natural life, except the absolute grant of $2,000.

558

From a consideration of the entire will, taken "by its four corners," this is the reasonable construction of the will, and carries out the intention of the testatrix. Such was the ruling of the learned trial court, and we believe its judgment was correct.

We are not unmindful of the difficulties presented in the interpretation of this and practically all other wills, as no two are exactly alike. For this reason we limit the conclusion herein reached to the particular will herein presented for construction. If it were not for the peculiar language of this will taken in connection with the residuary clause herein, a different conclusion might have been reached.

For the reasons hereinabove expressed, the judgment of the lower court is hereby affirmed.—Affirmed.

RICHARDS, C. J., and ANDERSON, DONEGAN, PARSONS, and MITCHELL, JJ., concur.