HENRY AGNE v. J. T. SEITSINGER, Appellant.

**Highways:** RESERVATION IN GRANT. A reservation in a grant of land for a highway, of the right to attach fences to a bridge to be erected over a ravine, implies the right to have a cattle way under the bridge, where the highway and bridge divide a pasture, and

without such a way, would cut off the access of the cattle to a supply of water.

SAME. One who gave a right of way for a highway, reserving to himself certain privileges, may recover for a denial of such privileges, whether his act of giving was a grant or a dedication.

SAME. A person has a right to have his cattle pass under a new bridge erected in the place of one that had been washed away, where he had had such a right as to the old bridge.

Damages: OBSTRUCTION. The rule that one cannot recover damages for obstruction of his right of way, if by the use of ordinary diligence and effort he could have removed the obstruction at a moderate expense, does not apply where the obstruction to right of way is a low bridge in a county highway, as any attempt to remove the obstruction in such a case would constitute a trespass.

Evidence: JURY QUESTION: *Dedication.* Evidence of the execution of an instrument giving, or offering to give, a right of way for a highway, that it was received and filed by the county judge, and that thereafter a highway was established over the *locus in quo* at a time when the jurisdiction to establish highways was in the county court, is sufficient to require the submission to the jury of the question as to the grant of the highway and the acceptance thereof by the public.

Appeal: HARMLESS ERROR. Error in striking out matter in special denial is not prejudicial where the defendant has the b nefit of the latter under his general denial.

LAW OF CASE. It is proper to strike out a special denial attempting to put in issue a proposition which had been determined, on an appeal, after a former trial.

*Appeal from Cedar District Court.*—HON. W. P. WOLF, Judge.

TUESDAY, JANUARY 25, 1898.

ACTION at law to recover damages for maliciously destroying a cattleway claimed by plaintiff under a highway bridge in Cedar county, Iowa. There was a trial to jury. Verdict and judgment for plaintiff. Defendant appeals.—*Affirmed.*

*E. M. Brink* and *S. H. Fairall* for appellant.

*Isaac Landt* and *Preston, Wheeler & Moffet* for appellee.

WATERMAN, J.—This is the fourth time this case has been in this court. An opinion deciding it on demurrer will be found in 85 Iowa, 305. On the second appeal, an opinion affirming the judgment below, appears in 60 N. W. Rep. 483. Upon re-hearing, we reconsidered the case, and reversed the lower court, and this opinion is in 96 Iowa, 181. The facts will be found fully stated in the former opinions, and need not again be set out. The controversy here grows out of the fact that one Sem. Simmons, who was the owner of certain real estate in Cedar county, executed a written instrument giving, or offering to give, a right of way for a highway, and reserving to himself certain privileges. This instrument was received and filed by the county judge, and the highway thereafter opened. Much of appellant's argument is devoted to showing that the act of Simmons was not a grant, but a dedication. We do not think it necessary to determine this technical question. It may have been a "grant;" it may have been a "dedication;" it might very well be both. A reference to the former decisions of this court, referred to above, will disclose that both terms have been used interchangeably in referring to this instrument. Many of the assignments of error are so indefinite that we cannot consider them; many more are not argued by counsel. We can, perhaps, do no better than take the argument for appellant, and consider the objections there made, so far as they are good in form.

It is first urged that the lower court erred in the first instruction in stating the issues to the jury. We are referred to assignments of error 26 to 31, inclusive.

Only the first of these has any reference to the statement of the issues; the others relate to a different part of the charge. We can only say that we find the issues as set out in the pleadings to have been fairly presented to the jury.

Considerable attention is devoted to the question whether there was evidence tending to show a prescriptive right in plaintiff to have his cattle pass under the bridge in question. It is asserted that this issue should not have been given to the jury, because there was no evidence to support the claim. This, we think, is disposed of by paragraph 3 of the opinion in this case, reported in 96 Iowa, 181. There is the same evidence now as then.

The next error discussed is that there was no evidence tending to prove a grant of the right of way and an acceptance thereof. The execution of the instrument by Simmons is undisputed. So is the fact that it was received and filed by the county judge, and that thereafter a highway was opened and established over said land. This was done in 1858, when the jurisdiction to establish highways was in the county court. Code 1851, section 514. We think this was clearly enough to take these matters to the jury. It is said, too, in this connection, that it was an error for the trial court to assume that the right reserved by Simmons to attach his fences to said bridge included the right to have a cattle way thereunder. This, we think, is disposed of in the second paragraph of the opinion in 96 Iowa, 181. What is there said on this subject is the law of this case.

The next error that is not disposed of by what we have already said is as to a ruling of the lower court in striking out matter in special denial contained in the answer. If erroneous, this action was not prejudicial, for the defendant had the benefit of it under his general denial. It might also be said in this connection that by the denial in question the

defendant attempted to put in issue a proposition which had been announced as the law of this case on a former appeal, and for this reason the action of the court in striking it was correct.

The objections urged to the seventh instruction we can dispose of briefly by saying that they are without merit. That instruction presents only a single phase of the case. It does not pretend to, nor, indeed, would it be possible for it to, include all the issues and at the same time be intelligible.

Objection is made to the eighth instruction. It is said that it announces a theory not in conformity to the claim of defendant. It seems that the bridge originally built was washed away, and that a new one was erected, and this instruction, in effect, says that plaintiff's rights, as to the new bridge, are the same as to the old one. This must be so. In this connection we may say that there was no prejudicial error in the ninth instruction. It is practically the same as an instruction asked by appellant.

Error is assigned on the lower court's refusal to give the fifth instruction asked by defendant. This instruction was with relation to defendant's right to use piling owned by the plaintiff to make repairs on the bridge. We cannot see how this matter was material, and think the trial judge was right in refusing to give it.

Passing certain rulings on evidence that are complained of, as we find, without just cause, and we reach the last error assigned and argued. The lower court refused to give instruction No. 12 asked by defendant, which is as follows: "If you find that the obstruction complained of could have been, by the use of ordinary diligence and effort, removed by plaintiff at a moderate expense, it was his duty to have removed the same, and, not having done so, he cannot recover in this action, and your verdict should be for the defendant." This instruction announces a correct

rule of law for some cases, but we do not think it applies to the case at bar. The obstruction here was a low bridge in a county highway. Plaintiff had no right to remove it, or work about it. Any such an act on his part would have been a trespass. The instruction was rightly refused. *City of McGregor v. Boyle*, 34 Iowa, 268. This disposes of every question which is properly presented. Our conclusion is that the judgment below should be AFFIRMED.