FARMERS BOND & MORTGAGE COMPANY, Appellant, v. JAMES U. WALKER et al., Appellees.

FEBRUARY 12, 1929.

698

*Lappen & Carlson, Wade P. Clarke,* and *Faa O. Ross,* for appellant.

*W. H. Lyon,* Guardian *ad litem,* for appellee.

MORLING, J.—I. It will be observed that the consideration named in the deed is love and affection and one dollar; that the granting clause does not contain words of inheritance, nor is the word "heirs" used in the deed; that the grantors "reserve the right to control the said lands during their lifetime;" that, at their death, "the said J. U. Walker shall take absolute control of said premises;" that, "at the death of said grantee, the absolute title to said premises shall be vested in the children of J. U. Walker;" that the deed is with full covenants of warranty, and the covenants are with J. U. Walker. Plaintiff does not question that the title of the minor defendant, if she took any title under the deed, is vested.

The consideration indicates that J. U. Walker did not pay for the property on the basis of purchasing a fee-simple title. Hence it raises no inference more favorable to him than to the grantors' grandchildren. Under our statute, it is not necessary that words of inheritance be contained in the deed, in order that it may convey the fee. Sections 10041 and 10042, Code of 1927. The presence or absence of words of inheritance, however, has an important bearing upon the intent of the grantor. *Dolan v. Newbury,* 204 Iowa 443. The grantor using the word "heirs" in the granting clause or in connection with the name of the grantee may thereby disclose that he had heirs and a heritable estate explicitly in mind, and that he intended to create in the grantee an estate of inheritance. Words of inheritance contained in a deed are to be considered and weighed with the other language, and given their proper effect in ascertaining the purpose of the instrument. Idem. The deed now before us does not show that the parties explicitly had in mind conveyance in terms of an estate of inheritance to J. U. Walker. The grantors reserved "the right to control the said lands during their lifetime." The word "control" has various significations, depending on the circumstances and connection in which it is used. 2 Words & Phrases 1549; 1 Idem (2d Ser.) 1021. The word may be so used as, with the context, to imply and confer complete dominion and owner-

ship, with the consequent power of disposition. *Welsh v. Gist*, 101 Md. 606 (61 Atl. 665). Of itself, however, the word is ordinarily the equivalent of "manage," "direct," "govern," "supervise," as conferring the usual power of a trustee, and, with respect to real property at least, without power of disposition. *Bramell v. Cole*, 136 Mo. 201 (37 S. W. 924, 58 Am. St. 619) ; *Randall v. Josselyn*, 59 Vt. 557 (10 Atl. 577) ; *Wolffe v. Loeb*, 98 Ala. 426 (13 So. 744). In this deed, the word "control" is used twice (though in one instance, with the adjective "absolute"). Clearly, in reserving to themselves the right to control, the grantors did not intend to retain the right of disposition of the property further than of a life estate in it, and cannot be held to have done so. The intention to reserve a life estate appears to be plain, and is not disputed. The deed declares that, at the death of the grantors, "J. U. Walker shall take absolute control of said premises," and at "his death, the absolute title shall be vested in his children." "Absolute" is used twice. If the word "control" here is held to confer power of disposition, not only is it used in a different sense from that in which it is used immediately before, but thereby the word "absolute" would be given contradictory interpretation in the two places in which it occurs. If the word "control" is used in the same sense in both instances, as the equivalent of managing, enjoying, directing, etc., then such power of control existing during the lifetime of the grantee, though absolute, does not conflict with the creation of title in the children, which, upon J. U. Walker's death, becomes absolute. The word "title" is used but once. No equivalent word is anywhere used. That title is an "absolute title," not limited, not (then) subject to a precedent estate, not mere control. The plain language of the instrument shows an intention to creat "title" in the children, but such title is qualified, while the grantors live, by their control, and after their death, while J. U. Walker lives, by his control. After his death, it is absolute. The deed likewise shows a purpose in the grantors to retain an interest during their life, and after their death to confer on J. U. Walker an interest during his life. There are no words in the deed indicating any thought that the grantors might make a conveyance in hostility to their deed, or J. U. Walker a conveyance in hostility either to the grantors or to J. U. Walker's children. The covenants are with J. U. Walker,

but the covenants do not control the premises or granting clause. 18 Corpus Juris 334. While words of inheritance are no longer necessary, in order to convey the fee, and a conveyance containing no words of inheritance or of qualification of the estate intended to be conveyed will operate to convey the fee, yet the presence of words of grant sufficient, without words of inheritance, to convey the fee, does not alone have the necessary effect of conveying the fee. The entire instrument, all of its language, and the circumstances surrounding its execution are to be considered, and the intent, as it may fairly be gathered therefrom, will control. We are of the opinion that the case is ruled by Yeager v. Farnsworth, 163 Iowa 537, and cases cited there and in 18 Corpus Juris 333, and that the minor defendant acquired, as one of the two children of J. U. Walker, under the deed, an estate in fee in an undivided one half of the premises in question, subject to life estate of the grantors, and, subordinate thereto, subject to a life estate in J. U. Walker.

II. Is the plaintiff entitled to partition? Plaintiff is the owner of the life estate of the grantors (if the grantor M. F. Walker is still living) and of the life estate of J. U. Walker. The plaintiff is not merely a cotenant in the life estate, but owns the life estate in its entirety. The remedy by partition is designed to divide the estate in possession between divers, and perhaps discordant, owners. The purpose of the remedy is to sever a joint or common possession, so as to give each owner the dominion and possession of his part in severalty. Smith v. Runnels, 97 Iowa 55; Traversy v. Bell, 195 Iowa 1243; Metcalfe v. Miller, 96 Mich. 459 (56 N. W. 16); Carson v. Hecke, 282 Mo. 580 (222 S. W. 850); 30 Cyc. 182. A life tenant of the whole in possession has nothing to partition. Remaindermen and reversioners may not ordinarily, or in the absence of statute, maintain an action for partition. Traversy v. Bell, 195 Iowa 1243; Henderson v. Henderson, 136 Iowa 564; Brown v. Cooper, 98 Iowa 444.

Plaintiff argues that these and like authorities are not in point, because of conflict with Section 12350, Code of 1927, which provides:

"If a tenant for life or years is entitled as such to a part of the proceeds of sale, and the parties cannot agree upon a sum in gross which they will consider an equivalent for such estate,

the court shall direct the avails of the incumbered property to be invested, and the proceeds to be paid to the incumbrancer during the term of the incumbrance."

There is no conflict between the statute and the decisions. No one would contend that a tenant for years (though within the purview of the statute) could sue the owners of the fee for partition. In many cases, there might be a tenancy for life of part of the premises. The statute is applicable to such tenancies. Partition, of course, may be maintained by consent, even though there is an outstanding life estate. 30 Cyc. 184. The statute is applicable to such a case.

Plaintiff further contends that it is the owner of the life estate, and is the owner of one half of the remainder; that it consents to partition, and therefore may compel partition against non-consenting co-owners of the reversion. As sole owner of the life estate in entirety, plaintiff has no right to partition. As owner of one half of the reversion, it has no such right. The owner of the other half of the reversion not only does not consent to partition, but, by reason of minority, is incapable of consenting. There are authorities for partition in such cases, when it can be done without prejudice to co-owners. 20 Ruling Case Law 748; 30 Cyc. 182 *et seq.* The decisions allowing it are usually in pursuance of the authority of local statutes. There is no allegation or proof here that partition may be made without prejudice to the rights of the minor. Whether partition may be made in kind, or whether the property must be sold if partition is granted, does not appear. The condition and character of the property, the effect of a division upon its value as a whole or the value of the parts, its effect on salability, or upon it as an investment, the value, present and prospective, of the land as a whole, or as divided, the state of improvement, the amount of income, are not shown. The plaintiff, as owner of the life estate, is under duty to the owner of the remainder, such as payment of taxes, making repairs, etc. It was evidently the thought of the grantors to preserve the property itself for the children of J. U. Walker. The child now concerned is a minor. She is a ward of this court of chancery. A division in kind may be very prejudicial. It may impose serious burdens upon the guardian and upon the court. If a sale should be ordered, the funds would, by the requirements of the statute above quoted, have to be invested,

and be under the supervision of the court. Such new investment may or may not be subject to fluctuations. Land values are now depressed. We do not now pass upon the question whether in any case partition may be granted in opposition to the preference of one of the remaindermen. Were we to so hold, we should, under the authority of the courts that allow such partition, be under the necessity of denying it in this case. *Mechling v. Meyers*, 284 Ill. 484 (120 N. E. 542).—*Affirmed.*

ALBERT, C. J., and STEVENS, DE GRAFF, and WAGNER, JJ., concur.