CHARLES EDWARD ANDERSON, MABEL IRENE ANDERSON, Appellants from portion of decree involving voluntary partition; Appellees in appeal of guardian ad litem, v. FRANK BERNARD ANDERSON et al., Appellees.

No. 43937.

26

May 10, 1938.

Opinion on Rehearing August 1, 1939.

Floyd E. Billings, guardian ad litem, for minor appellants.

Lester L. Orsborn, for Charles Edward Anderson, Mabel Irene Anderson, and the Red Oak Trust & Savings Bank.

W. C. Ratcliff and R. J. Swanson, for Frank Bernard Anderson and Maude Anderson, appellees.

HALE, J.—Swante Anderson, a resident of Montgomery county, died testate on October 12, 1907. His will was probated and, after the formal parts, and item 1 which provided for the payment of debts and expenses, by item 2 he bequeathed all personal property to his wife, Christine Louise Anderson, in the event of her survival; and by item 3, bequeathed the personal property, in the event of his wife's death before his own, to his three children, Clara Amanda, Charles Edward, and Frank Bernard, share and share alike. Item 4 of said will is as follows:

"I do hereby give and devise to my said wife, Christine Louise, if she survive me, the possession, use, rents and profits of all of the real estate of which I die seized, for so long only as she remains my widow and unmarried."

Item 5 states that the provisions of item 4 are in lieu of dower, homestead, and all other rights as widow.

The controversy in this case is as to item 6, which reads as follows:

"At the death of my said wife, or at her remarriage, I do hereby give and devise a life estate only in my said real estate to my three children, Clara Amanda, Charles Edward, and Frank Bernard, as tenants in common, with remainder over in fee *per stirpes* to their lawful issue."

Item 7 appoints the wife and one son as executors.

Swante Anderson left surviving him his spouse, Christine Louise Anderson, who died June 12, 1915. He left also surviving him, as his only heirs at law, Charles Edward Anderson, Frank Bernard Anderson, and Clara Amanda Anderson, who were his children. Clara Amanda Anderson died testate September 8, 1931, without issue, having never married. By the

will of Clara Amanda Anderson, she, after providing for the payment of debts and a small bequest for the care of cemetery lots, devised and bequeathed all her property, real and personal, to Philip Verner Anderson, to be his absolutely and in fee. The said Philip Verner Anderson was not a member of the family, and it appears that he was in no way related to her. This will of Clara Amanda was admitted to probate December 31, 1931. On November 25, 1932, Philip Verner Anderson executed a quitclaim deed to the defendant Frank Bernard Anderson and the plaintiff Charles Edward Anderson, conveying his whole and undivided share, interest, and title in the lands formerly belonging to Swante Anderson.

The defendants Jessie Louise Anderson, Victor Anderson, and John Bernard Anderson are the lawful issue of the defendant Frank Bernard Anderson, the oldest being sixteen years of age. A stipulation filed at the time of the trial states that there had been no other issue or other children than the said three minors born to the defendant Frank Bernard Anderson. The defendants Mary C. Anderson, Lola M. Anderson, Samuel E. Anderson, and Harold I. Anderson, are the lawful issue of the plaintiff Charles Edward Anderson, Mary C. Anderson having been born on October 16, 1920, Samuel E. Anderson having been born on June 8, 1924, Harold I. Anderson having been born on July 3, 1927, and Lola M. Anderson having been born on the 30th day of May 1930. It was stipulated at the time of the trial that they were the only issue of the said Charles Edward Anderson.

Swante Anderson during his lifetime had accumulated and left at his death about 439 acres of land, which the three children, by arrangement among themselves, after the death of their father, occupied and used. Parts of this land were sold for taxes, the owners of such certificates being made parties defendant. Other defendants are the Red Oak Trust & Savings Bank, as executor of the estate of Clara Amanda Anderson, and holders of judgment liens.

The two sons of Swante Anderson, Charles Edward and Frank Bernard, occupied the land, but apparently paid rent thereon to their mother during her lifetime.

The plaintiff Charles Edward Anderson, in his petition, claims to be the owner of an undivided one-half of the land as

one of the two surviving heirs of Swante Anderson and through the deed from Philip Verner Anderson above referred to; alleges that the fee left to the heirs of the three children of Swante Anderson failed; and asks judgment confirming the shares as claimed in the real estate, for partition, or, in the event that it cannot be equitably divided, that sale be ordered; and for general equitable relief. By separate answer the defendant Frank Bernard Anderson and his wife Maude Anderson make claim to one half of the real estate.

On June 11, 1933, Floyd E. Billings was duly appointed guardian ad litem for the minor defendants, and for answer and cross-petition on their behalf makes a general denial, especially as to certain parts of the plaintiff's petition, and specifically denies that either the plaintiff Charles Edward or the defendant Frank Bernard is the owner of the fee simple title to the lands claimed by them. He claims for his wards the fee simple title to all of said lands, subject to the life estates of Charles Edward Anderson and Frank Bernard Anderson as tenants in common; denies any lapse of the remainder under the will, and denies that any division the heirs might have made of the real estate is binding on the minors. By cross-petition the guardian ad litem asks for his minors that the court deny the petition, construe the will of Swante Anderson, and determine the interests of said minors.

Trial was had, and on March 24, 1936, the court entered its decree. After finding the facts as above stated the court found that at the death of the widow there was no lawful issue in being in whom the remainder over could vest and that the remainder lapsed for want of lawful issue to take the title, leaving the testator intestate as to the remainder, and said remainder descending as intestate property the widow took one third and the children each two ninths of the remainder over in fee coupled with their life estates; that the widow's one third descended to the three children, each taking one ninth. Thus at the death of the widow each of the three children had three ninths, or one third, of the real estate. The court found that there was a merger of the life estates and the remainder over and that each of the three children had a fee simple title to an undivided one-third, and that, by conveyance and by the will of Clara Amanda Anderson there was vested in the other

two children, Charles Edward Anderson and Frank Bernard Anderson, an undivided one-half of the real estate, subject to the payment out of Clara Amanda's one third of her debts. The decree orders partition, sale of the real estate, division among the owners, the appointment of a receiver, and the payment of taxes and judgment liens to be charged against the shares of the respective owners as they may be liable therefor. Afterwards, on March 31, 1936, the decree was amended to correct an erroneous description of real estate in the original decree.

From such decree and amendment an appeal on behalf of the minor defendants was perfected, and the cause is here for determination.

This case was originally submitted on September 18, 1937. On May 10, 1938, a per curiam opinion was filed which showed that three members of the court were disqualified and that the others were equally divided, and by operation of law the case was affirmed. (Anderson v. Anderson, 279 N. W. 441.) Thereafter a rehearing was granted, and the case is now before us on such rehearing.

It is unquestioned by any of the parties that in construing a will the principal concern should be to ascertain and determine the intention of the testator, and that it is the duty of the court, if it be reasonably possible, to give effect to all of the will's provisions.

There can be no dispute about this proposition, nor is it necessary that there be a construction where the intention expressed in the will is in clear and unequivocal language. 69 C. J., p. 42, sec. 1110; Mitchell v. Mitchell, 126 Wis. 47, 105 N. W. 216, 217. All rules of construction pertaining to the vesting of estates or interests under a will will yield to the clearly expressed intention of the testator. Thompson on Wills, 2d Ed., p. 449, sec. 361, citing, among others, Archer v. Jacobs, 125 Iowa 467, 101 N. W. 195. Such has been the consistent holding of all the cases. See Carpenter v. Lothringer, 224 Iowa 439, 446, 275 N. W. 98, 103. In the latter case it is said:

"The cardinal principle in the construction of a will is to take it by the four corners and discover the intention of the testator. 'The intention of the testator is ever the polestar in the interpretation of wills, and the object is always to discover

that intent by an examination of the language used in the entire will.' '' Citing numerous cases, and further stating that: ''Where the terms of a will are plain and unambiguous, a construction thereof by a court is unnecessary.''

 So where the plain meaning of the will is to devise a life estate only, we are bound by the plainly expressed intention of the testator, technical words being used in their technical sense, Canaday v. Baysinger, 170 Iowa 414, 152 N. W. 562, and item 6 being plain and unambiguous. In the recent case of In re Estate of Vail, 223 Iowa 551, 555, 273 N. W. 107, Kintzinger, J., states that if it is evident from a reading of the entire will that it was the intention of the testator to grant only a life estate, such intention must be carried out. Citing Boekemier v. Boekemier, 157 Iowa 372, 138 N. W. 493; Southwick v. Southwick, 184 Iowa 336, 338, 168 N. W. 807, 808. In the latter case, this court said:

''Where words in a will indicate an intention to limit the estate granted to the life of the devisee, and they fairly import that purpose, we must assume that to be the intent of the testator. Why use these words of limitation when the larger estate is intended?'' Citing Iowa City State Bank v. Pritchard, 199 Iowa 676, 202 N. W. 512; In re Estate of Bunting, 220 Iowa 186, 261 N. W. 922; Carpenter v. Lothringer, supra.

To the same effect, see the recent case of Bell v. Bell, 223 Iowa 874, 273 N. W. 906, where the court, speaking by Mitchell, J., states that the cardinal rule in the construction of a will is that the intention of the testator must be ascertained. In this case the will was very similar to the one in the case at bar; there was a devise of real estate, first to the husband for life, and at his death to certain children, and at their death the fee simple to pass in equal shares to the surviving grandchildren. The court held that the words ''surviving grandchildren'' meant exactly what they said, in their ordinary meaning.

 So in the case at bar. In this will the share of the three children is directly stated to be that of a life estate only. It is not necessary to resort to other parts of the will because it appears to us that nothing could be plainer than the language used by the testator, and that all that any one of the children

of Swante Anderson could claim under the will would be an undivided one-third during his lifetime.

It is suggested in argument that this devise of a life estate is for the' duration of the longest liver of the three. But this cannot be true, as the will expressly states that the property is devised to the three, naming them, as tenants in common (not joint tenants) ; and even if it did not, the devise would be so construed. See Van Veen v. Van Veen, 213 Iowa 323, 238 N. W. 718; Crouse v. Crouse, 219 Iowa 736, 259 N. W. 443.

It is urged also that, this being a gift to a class, there would be such right of survivorship. But the will does not make the devise of the land a gift to a class, but each individual owner is named therein. If the gift is made to beneficiaries by name, the gift is not one to a class, even though the individuals named possess some quality or characteristic in common. See Page on Wills, p. 347, sec. 921.

A considerable part of the argument of both plaintiff Charles Edward Anderson and the guardian ad litem is devoted to the question of whether or not the remainders created by the will are vested or contingent. .To our minds this is not of primary importance. The right of a testator to limit his devises, or to create estates to begin in the future, cannot be denied. The right to create a future estate is statutory (Code 1935, sec. 10045) and such has been the law since the Code of 1851 (sec. 1204). That the estate should eventually vest in the grandchildren is manifest from a reading of the will. So far as the exact persons who would enjoy the property in fee was concerned, there was doubt—doubt even if such persons should ever come into being. For that reason it was contingent. But the intention is plain. Under the limitations of the will it would vest at the death of either son provided that such son had lawful issue.

If we apply the rule that a contingent estate must be supported by a particular estate, the same result is reached. A great deal of the difficulty in the case seems to have arisen from an attempt to define a particular estate. It is an estate for life or for years. This is called a particular estate for the reason that it is only a small part or portion of the inheritance. Bunting v. Speek, 41 Kan. 424, 21 P. 288, 3 L. R. A. 690; Archer v. Jacobs, supra.

The whole estate, including both the particular estate and the remainder, constitutes one estate only. The division of the life estate by the will indicates that the particular estate is to be divided into more than one life estate. There seems to be no reason why a testator cannot carve out of a particular estate two life estates, one succeeding the other, and in such case the vesting of the interest of the remainderman is deferred until the end of the life tenancy. Such is the effect, and we think the plain intent, of the will in controversy—that under such will, succeeding the life estate of the widow, each of the sons, as well as the daughter, became the owner of a life estate, with succession and ownership in such of his lawful heirs as survived him, the gift to such remaindermen taking effect at the death of the parent. See Scofield v. Hadden, 206 Iowa 597, 220 N. W. 1.

It is urged that the estate of the two brothers is a fee for the further reason that there was a merger of estates. We cannot follow this reasoning, at least to obtain the result claimed. This theory is based on the fact that the particular estate had failed, it being urged in argument that the title must vest during the continuance of the particular estate, and at least to the date of the death of the widow; that there were no grandchildren in esse at the time of her death, and therefore, the remainder failed. But, as we have seen and as we hold, there is a present particular estate supporting the remainder, there has been no lapse of the remainder as to the interests held by the two brothers, and therefore there has been no merger. In other words, there is no greater estate which coincides with and absorbs the lesser, for the only estate that the two brothers had was a life estate under the terms of the will, and thereafter the share of the deceased sister.

Let us now consider the interest of the deceased Clara Amanda Anderson. Under the terms of the will, her share was one third for life only, subject to the prior life estate of her mother. The only interest that she could claim for herself would be the use of an undivided one-third of the real estate during her life. The fee title to the property could be taken only by her lawful issue. Whether the remainder over was vested or contingent is not important here. There never was any remainder over, she dying without lawful issue. It is argued that

this state of facts caused intestacy as to her undivided one-third. It is true that courts construe instruments or wills so as to avoid intestacy if possible. See Busby v. Busby, 137 Iowa 57, 61, 114 N. W. 559, 561:

"The voice of authority is against the presumption of partial intestacy by intention; and where possible such construction will be given a will presented as to work disposition of the entire estate."

This, however, is not the invariable rule, and where the will is plain and the meaning of the testator free from doubt, and property is conveyed for lifetime only, without any gift over, the will can be construed only so as to make the remainder over intestate property.

In Horack v. Stanley, 216 Iowa 318, 249 N. W. 166, this rule was announced, and the language of the court was, in part, as follows:

"If the devise be construed as to a life estate only, intestacy as to the fee follows as a matter of course. Wills will be construed, where it is possible to do so and give full effect to the intention of the testator, so as to avoid intestacy. * * * This rule is not, however, one of law, but a rule of construction in aid of the discovery of the testator's intention. In re Rogers Estate, 245 Pa. 306, 91 A. 351, L. R. A. 1917A, 168. Necessarily, it does not follow as a matter of law that a will devising a life estate will be interpreted as a devise of the fee simply because to otherwise interpret it would work intestacy as to the remainder. It is the intention that governs in such cases." Citing Harvey v. Clayton, 206 Iowa 187, 220 N. W. 25; Central Trust Co. v. Langan, 197 Iowa 1202, 198 N. W. 652; and other cases.

 The general rule is that the failure of a specific legacy to vest or become effective causes the amount so released to fail. Karolusson v. Paonessa, 207 Iowa 127, 222 N. W. 431, and cases cited therein.

 Under the clearly expressed intention of the testator in this case, and the rule above stated, there being no remainder over on account of the failure of lawful issue, we must hold that the share of Clara Amanda, being an undivided one-third of all the real estate involved, became intestate property and,

through the ancestor, passed to the two remaining children, Charles Edward and Frank Bernard, share and share alike, or one sixth of the entire estate to each in fee, subject, however, to payment of taxes and to payment of debts and charges against the estate of Clara to the extent of her one-third interest in the lapsed estate. This leaves Charles Edward Anderson (plaintiff) and Frank Bernard Anderson (defendant), at the death of Clara Amanda Anderson, as owners in fee of one sixth each of the entire estate, subject as above stated, and as holders of life interests in one third each of the entire estate.

Some suggestion is made of a parol partition. Undoubtedly persons competent so to do, holding land in common, may effect a partition of the same so as to enjoy their respective shares in severalty, but this could not be done where other interests intervene. Had the three children held a fee instead of a life estate, and had they by common agreement divided and used the land, this would be recognized as a proper parol partition.

But no such result could occur when other interests are involved. The interest held by each of the two sons, as well as that of the daughter, was an estate for life.

It appears to us, and it seems clearly so shown by the will, that the present interest of each of the parties to this controversy is as follows: first, an undivided one-third of all the real estate, being the share which was devised to Clara Amanda, has lapsed, and is now owned by the plaintiff Charles Edward and the defendant Frank Bernard, subject to taxes, and one third of such lapsed interest, also subject to debts and charges against the estate of the decedent Clara Amanda; second, that each of the said brothers holds an undivided one-third of the estate for life, with remainder over to his lawful issue; third, that the liens of the defendant lienholders are liens only against the life interest of the judgment debtor as to that part of the property coming to such judgment debtor through the will of the father, but are liens against all that part of the property which such judgment debtor has inherited through the father from the share devised to his sister.

This is an action in partition, both parties asking general equitable relief, and the guardian asking dismissal of plaintiffs' petition. It is difficult for this court to see how partition

can be made of the property in question. Partition may be maintained only when the parties plaintiff and defendant are entitled to the present possession of their interests in severalty. Traversy v. Bell, 195 Iowa 1243, on page 1246, 193 N. W. 439, and cases therein cited. See, also, Farmers Bond & Mtg. Co. v. Walker, 207 Iowa 696, at page 700, 223 N. W. 497, and cases therein cited. It may be urged that the brothers are owners of an interest in fee (the one third derived from their sister). This, however, would avail them nothing. See Farmers Bond & Mtg Co. v. Walker, supra.

Only in rare instances, on a showing of extreme necessity, has the right of partition been allowed, where the preservation of the estate depended upon it. Traversy v. Bell, supra. Such emergency may exist in this case. It may be necessary that at least one third of the land be sold, or that the referee heretofore appointed continue in the performance of his duties, or that a receiver be appointed for the purpose of paying off the tax indebtedness. All or any of these are matters for the consideration of the district court on remand.

Our conclusions and finding in this matter necessarily result in a reversal of the decree below as to matters herein set forth. A remand will be necessary for a decree in harmony with this opinion, and for the determination of such questions as may arise concerning matters in issue.

With the view we take of the case the opinion of this court dated May 10, 1938, and found in 279 N. W. 441, is withdrawn. —Reversed and remanded.

OLIVER, C. J., and HAMILTON, STIGER, SAGER, BLISS, and MILLER, JJ., concur.

RICHARDS, J., takes no part.