IN RE ESTATE OF F. C. HECKMANN.

DORA HECKMANN, by her Guardian, LANA B. HECKMANN et al., Appellants, v. BRENTON STATE BANK, Appellee.

BRENTON STATE BANK, Appellee, v. DORA HECKMANN et al., Appellants.

No. 44935.

R. Brown and John L. Sloane, for Dora Heckmann, by her successor-guardian, George Heckmann, appellant.

John L. Sloane, for Lana B. Heckmann, appellant.

Sidney Johnson and Emmert, James & Lindgren, for appellee.

Eskil C. Carlson, guardian ad litem, for Dora Heckmann, appellee.

HALE, J.—F. C. Heckmann died January 19, 1926, testate, leaving surviving him Lana B. Heckmann, Dora Heckmann, and George Heckmann. His will, dated November 10, 1925, and duly admitted to probate, provides first for the payment of debts and funeral expenses, and second, bequeaths 40 acres of land to his son, George. Paragraphs 3 and 4 are as follows:

''3—All the rest, residue and remainder of my estate real and personal which I now own or may hereinafter acquire, I give and bequeath to my two daughters Lana and Dora jointly in equal shares, that is to say to each an undivided one-half thereof, and I ask that the Court shall appoint my daughter Lana Heckmann to be and to qualify as GUERDIAN for my daughter Dora and that Lana have and assume complete charge of her affairs and to care for her during her like-time and after the death of said Dora all that property remaining after the

. last sickness and funeral charges are paid shall go and is hereby conveyed to my said daughter Lana Heckmann.

"4—I name constitute and appoint my said daughter Lana Heckmann to be the Executrix of this my last will and testament and direct that no bond be required of her by any court or judge."

The land which passed under item 3 of the will consists of 140 acres. The daughter Dora is incompetent, and after her father's death she lived with her sister Lana, who had charge of the farm and also owned a farm of her own which she had purchased prior to the death of her father.

On May 29, 1931, Lana executed and delivered to W. H. Brenton, who later assigned it to the Brenton State Bank, a mortgage on real estate, including the 140-acre farm, "subject to the life estate of Dora Heckmann in and to the undivided one-half interest in and to the * * * 140 acres." This mortgage was foreclosed and decree entered March 8, 1937. Under proceedings. on an application to the bankruptcy court under the Frazier-Lemke Law, 11 U. S. C. A. §203, a trustee's deed issued to the Brenton State Bank for the 140-acre farm on November 21, 1938, subject to "whatever interests Dora Heckmann may have in said property under the last will and testament of Fred C. Heckmann."

At the time of the bringing of the present actions unpaid taxes had accumulated to the amount of $1,167.33. On August 26, 1938, the plaintiff in the equity proceeding (the Brenton State Bank) filed its petition in partition, naming as defendants Dora Heckmann, Lana B. Heckmann, guardian of Dora Heckmann, Lana B. Heckmann, William Hungate and Mrs. William Hungate (tenants), and Polk county, Iowa, and asking a decree establishing and determining the rights of the parties, confirming shares and interests; sale of the premises and division of the proceeds; appointment of a referee and receiver; and general equitable relief. Answer was filed by the defendant Lana and the guardian ad litem appointed for Dora. Thereafter, on November 7, 1938, Dora, by Lana her guardian,

filed petition asking construction of the will, claiming that the interest of Dora was under a joint tenancy; that on account of personal services required to be rendered by Lana B. Heckmann which had not yet been performed said Lana had not acquired any interest in the land which she could alienate, and that the real estate in controversy constituted a trust. This application on behalf of Dora was resisted by the Brenton State Bank, plaintiff in the equity proceeding. A motion to strike the bank's resistance to the application for interpretation was overruled by the court, and by agreement of parties the two cases were tried at the same time and separate judgment and decree rendered. In the equity proceeding the court found that Lana had the right to and did alienate her interest in the property, and that such alienation could not affect the rights of Dora to have the property held intact as a unit for her benefit. The court further found that Lana had no interest in the property, and that one of the undivided halves of the real estate was devised in fee to Lana and that Dora has no right or title therein nor any charge thereon except the right to have it operated in conjunction with the other undivided one-half interest. By the decree Dora was adjudged to be the owner of a life estate in one undivided one half, with the right of operation as above stated in conjunction with the other undivided one-half interest, and the right to one half of the income from the land operated as a whole; and her undivided one half is also subject to the payment of the expenses of her last sickness and funeral. The decree fixed the ownership in the plaintiff Brenton State Bank of all the balance, residue, and remainder of the real estate, and determined its right to receive during the lifetime of Dora Heckmann, after the payment of one half the taxes and tax liens, insurance, and repairs, one half of the income from the land operated as a whole; and after the death of Dora the Brenton State Bank is decreed to be the owner in fee of all the real estate. In the order in the probate proceeding item 3 of the will is construed as devising to Dora Heckmann a life estate in an undivided one half of the property, with the right to have her

undivided one half operated during her lifetime in conjunction with the other undivided one half; and a charge was created by the will against the remainder of this undivided one half in which Dora was given a life estate, for the payment of her last sickness and funeral expenses. The order further construes the will as granting all the balance of the real estate to Lana B. Heckmann.

From the decree in the equity case and judgment in the action to construe will, Lana B. Heckmann, for herself and as guardian, appeals. From that part of the decree giving to Dora Heckmann the right to have her life estate in the undivided one half operated during her lifetime in conjunction with the other undivided one half, and the right to receive during her lifetime, after the payment of one half the operating expense, one half of the income from the land operated as a whole, and denying sale and division of the proceeds at this time, the Brenton State Bank appeals. For convenience, however, the defendants in the equity case and the plaintiffs in the action for construction of the will will be designated as appellants, and the Brenton State Bank as appellee.

 The first ground of objection to the judgment and decree of the court by the appellants is that the court erred in construing and adjudicating the testator's intention to have been merely the creation of a life estate in an undivided one half of said real estate to Dora. The appellants claim that it was the testator's intention that the two daughters should hold in joint tenancy, and that the will should be construed that the land should go to his two daughters and that neither one nor the other could hold any part of it singly; and that the purpose and intent of the testator was so to devise his said real estate as to prevent alienation of the interest of either daughter by herself or by anyone else. Appellants also claim that the court erred in adjudging the title to all of said real estate to be a fee in the daughter Lana. Appellants argue at considerable length that paragraph 3 of the will, heretofore set out, created a joint tenancy. The cases cited by appellants do not

bear out this contention, as in the authorities cited the joint tenancy was expressly created and there could be no question as to the nature of the estate. An examination of the two Iowa cases cited indicates the same. Wood, Admr., v. Logue, 167 Iowa 436, 149 N. W. 613, Ann. Cas. 1917B, 116, involved a deed which by its express provision showed a joint tenancy, the right of survivorship being expressly set out. Stewart v. Todd, 190 Iowa 283, 173 N. W. 619, 180 N. W. 146, 20 A. L. R. 1272, involved a partnership agreement. Neither case sustains the position of the appellants. The appellants' argument is that the use of the word "jointly" created a joint tenancy; but to so hold would be to attach no meaning to the rest of the paragraph. The provision is:

"I give and bequeath to my two daughters Lana and Dora jointly in equal shares, that is to say to each an undivided one-half thereof, * * *."

The words "to each an undivided one-half thereof" explain just what the testator intended when he devised the land. We think the devise comes within the rule of In re Guardianship of McCauley, 213 Iowa 262, 235 N. W. 738, which discusses the rule of construction of limitation of a fee by a subsequent provision in the will, and lays down the rule that it has no application to a will which in one clause devises property without specifying any particular estate which the devisee shall take, and in a subsequent clause specifies that the devised property shall be placed in trust. See that case and cases cited therein.

The rule in this state is that estates vested in two or more persons are to be deemed tenancies in common unless a different intent is clearly expressed in creating the estate. Code 1935, section 10054. The rule has long been recognized in this state. Hoffman v. Stigers, 28 Iowa 302. See also 33 Corpus Juris, page 905. That Lana Heckmann recognized that the interests were not joint, but were a tenancy in common, is shown in the mortgage, in her final report of her father's estate, and in her schedule in bankruptcy, in all of which she refers to

Dora's interest as a life estate. There is also the recognized rule that a conveyance terminates a joint tenancy. See Wood, Admr., v. Logue, supra; Fleming v. Fleming, 194 Iowa 71, 82, 174 N. W. 946, 950, 180 N. W. 206, 184 N. W. 296. It seems clear that a reading of paragraph 3 of the will indicates that the nature of the interest devised to Dora was that of an undivided one-half interest, and that the will did not create a joint tenancy; and that under the provisions of the Code, all the interest of Lana in the 140 acres passed by her mortgage conveyance to the bank. Code 1935, section 10042; State Savings Bank v. Bolton, 223 Iowa 685, 273 N. W. 121, and cases therein cited.

But appellants argue that the provisions of the will, in addition to creating a joint tenancy, were coupled with a charge upon the land of personal service and support, which would prevent the alienation of the interest of either daughter in said land. The cases cited by appellants are not persuasive. The will was carefully analyzed by the trial judge, and in an opinion too long to quote here, he held—as we feel impelled to hold—that the provision of the will that Lana have and assume complete charge of Dora's affairs and care for her during her lifetime, referred only to the property taken by Dora and that the affairs referred to were only in respect to her inheritance under the will. This was not a condition attached to Lana's devise, and the district court held—and we hold—that the authorities cited by appellants refer only to the avails of property granted by specific terms and upon which conditions such property was held. Our interpretation is that half of the property went to Lana, and the other one half went to Dora to be used for her support during her lifetime, and we think the language of the will plainly so indicates. We can refer to only a few of the cases cited by appellants. McKnight v. McKnight, 212 Mich. 318, 180 N. W. 437, was a contract to support. In Low v. Ramsey, 135 Ky. 333, 122 S. W. 167, 168, 135 Am. St. Rep. 459, the provision was that certain property was devised ''with the understanding that he is to take and raise my children * * * until they are fifteen years old.'' In Porter v. Jackson,

95 Ind. 210, 48 Am. Rep. 704, the will expressly made supports a condition of the devise; and so as to other authorities cited. But it has been held, and we think in this case the rule applies, that a provision as here stated is merely precatory. See Bradford v. Martin, 199 Iowa 250, 201 N. W. 574; Bills v. Bills, 80 Iowa 269, 45 N. W. 748, 8 L. R. A. 696, 20 Am. St. Rep. 418.

Considerable testimony was offered as to the intention of the testator. This was taken subject to objection. We doubt if any of it was competent, but even if so, it would add very little to the interpretation of the will. See Bradford v. Martin, supra, and cases therein cited.

■■ Appellants devote some space to the theory that by the will a trust was established in Lana for the benefit of Dora and herself, and that the court was in error in not so holding. We see nothing in the will that would justify such a conclusion. The language does not so indicate, the devise being to Lana and Dora, and there is nothing to indicate a constructive trust. The appellants cite Dunn v. Zwilling Brothers, 94 Iowa 233, 62 N. W. 746, which defines the various cases in which an implied or constructive trust can arise, and Patterson v. Mills, 69 Iowa 755, 28 N. W. 53, neither of which cases supports their conclusion. Analysis of the situations creating a constructive trust, in the cases cited by appellants, would indicate that in order that there be such trust there must be evidence establishing fraud or unjust enrichment. It is apparent that neither under the evidence nor in the language of the will itself has any such situation arisen. See also Corpus Juris, page 454. But appellants insist that the court was in error in failing to avoid a literal construction of the words of the will in order to carry out the manifest intention of the testator. The interpretation which any court is bound to give to the will is that which appears from the will to have been the intention of the testator. In some cases extrinsic circumstances are permitted in evidence to clear up ambiguity, or to identify subject matter. In re Will of Tinsley, 187 Iowa 23, 174 N. W. 4, 11 A. L. R. 826. The court cannot make a new will. See Moran v. Moran, 104 Iowa 216, 73 N. W. 617, 39 L. R. A. 204, 65 Am. St. Rep.

443; Guilford v. Gardner, 180 Iowa 1210, 162 N. W. 261; Scott v. Scott, 137 Iowa 239, 114 N. W. 881, 23 L. R. A., N. S., 716, 126 Am. St. Rep. 277; Bradford v. Martin, supra.

■ Appellants further claim that the Brenton State Bank had no right nor authority to join in the action for the construction of the will. Authorities cited refer only to cases where a mere creditor was not permitted to join, but as grantee of Lana Heckmann, the appellee bank had such an interest, was so claiming and was so adjudged, and at the time of the beginning of the litigation the appellee held a certificate of sale to the land and later held a trustee's deed. It plainly had a direct interest in the result of the litigation, and courts have permitted parties with such interest to carry on this form of litigation. See Howard v. Smith, 78 Iowa 73, 42 N. W. 585; Wintermute v. Heinly, 81 Iowa 169, 47 N. W. 66.

■ In support of appellants' contention that the court erroneously permitted the partition of real estate at some future time, they base their argument on the fact that, as they allege, the terms of the will preclude partition. This is a matter which, of course, could not be raised in the suit for construction of the will. It is referred to, however, as applying to the decree. In the case of Elberts v. Elberts, 159 Iowa 332, 141 N. W. 57, cited by appellants, there was a specific provision in the will which forbade the partition, and under the circumstances the court refused to permit a division of the property. Farmers Bond & Mtg. Co. v. Walker, 207 Iowa 696, 701, 223 N. W. 497, 499, is cited by both appellants and appellee. In that case the court refused partition without a showing that such partition would not be to the detriment of a minor reversioner of the fee. This case cites section 12350 of the Code of 1927, which makes provision for the proceeds of that part of the property belonging to a tenant for life or years. The court says:

"In many cases, there might be a tenancy for life of part of the premises. The statute is applicable to such tenancies."

Courts naturally hesitate to decree partition where there are outstanding life estates, but it is done in order to secure

the preservation or protection of the estate. See the recent case of Anderson v. Anderson, 227 Iowa 25, 36, 286 N. W. 446, 452. But the court in the equity action did not decree immediate partition. It did, however, appoint a receiver and reserve the question of the ultimate sale of the property. We think this was a wise provision of the decree for the protection of all the interests in the land. It is from that part of the decree last cited that the appellee Brenton State Bank appeals, claiming that the court erred in finding that the undivided one half should be used and operated during the lifetime of Dora Heckmann in connection with the other undivided one half, and in giving her one half the net proceeds of the land, and in decreeing that the Brenton State Bank's petition for partition in the equity case, "in so far as it contemplated a sale and division of the proceeds at this time to the interested parties, is denied without prejudice, however, to the power of this court and the receiver to sell all of said property as hereinbefore set forth." It will be noted that on the appeal of Lana Heckmann the objection is made to the reserved right to sell at any time, and by the appellee Brenton State Bank to the action of the court in refusing to direct sale at this time.

In reference to the first part of the appellee's objection, an examination of the will indicates that the interest given Dora was not only an undivided one half but a right to have it used in connection with the other half. We have held that there was no lien for support on any part of the land, but the right of use given, being deemed by the testator to be for the best interest of the devisee and the best manner of use of the land, is entitled to consideration; and the appellee in taking the interest of Lana in the land took it with the provision that it should be so used. The appointment of the receiver by the court was to secure both to Dora and to the owner of Lana's undivided one-half interest a proper share of the profits. If the manner of use of the property is not to the best interests of the parties they are protected by the provision in the decree which reserves the right to make disposition of the land at some future time should occasion or necessity therefor arise.

We think the court, under the somewhat involved issues of the case, and considering the condition of the property in question at the time, made an equitable disposition of the matters in issue. We therefore hold that this cause should be affirmed on both appeals.—Affirmed.

HAMILTON, C. J., and MITCHELL, STIGER, SAGER, BLISS, OLIVER, and MILLER, JJ., concur.