BRENTON STATE BANK, Appellee, v. DORA HECKMANN, Appellant.

No. 46185.

FEBRUARY 9, 1943.

REHEARING DENIED JUNE 18, 1943.

John L. Sloane, of Des Moines, and Dyer, Jordan & Dyer, of Boone, for appellant.

Emmert, James & Lindgren, of Des Moines, for appellee.

GARFIELD, C. J.— Plaintiff, Brenton State Bank, is the owner of the 140-acre farm in question, subject to the life estate of defendant, Dora Heckmann, incompetent, in an undivided half of the property, with the right to have such half interest operated in conjunction with the other undivided half. The remainder interest of the undivided half in which defendant has a life estate is also subject to a charge for the payment of the expenses of her last sickness and funeral.

In 1938 plaintiff brought suit in equity to have the shares

of the owners fixed, the property sold, and for other equitable relief. Original notice was duly served upon defendant, Dora Heckmann, and her then guardian, Lana Heckmann, who filed answer. A guardian ad litem was appointed for Dora and he also filed answer. Following a trial, decree was entered in December 1938, confirming the rights of the owners, appointing a receiver to take charge of the property, and reserving the right to order sale. Upon appeal to this court, the decree was affirmed. In re Estate of Heckmann, 228 Iowa 967, 291 N. W. 465. The decree provided in part:

"That plaintiff's petition for partition in this case insofar as it contemplated a sale and division of the proceeds at this time to the interested parties is denied without prejudice, however, to the power of this court and the Receiver to sell all of said property as hereinbefore set forth. [Here follows provision appointing receiver to take charge of property.]

" * * * and said receiver shall have power to sell all of said real estate if, after such further notice to the guardian of Dora Heckmann, and to the Brenton State Bank, or their assigns, as this court in this case may hereinafter prescribe, this court shall find that such sale is for the best interest of Dora Heckmann, and the Brenton State Bank, or their assigns, and shall by an order in this proceedings order said sale to be made by said receiver by any other officer of this court * * * the court expressly retains jurisdiction of this cause and the property herein involved for the purpose of making such other and further orders as the court shall deem proper * * *."

In September 1941, plaintiff filed in the same cause its application for sale of the realty, alleging that the property had been sold for nonpayment of taxes more than two years and nine months prior thereto; the amount necessary to redeem from tax sales exceeded $1,000; defendant had no means of paying half of such amount nor the $405 costs taxed against her share; waste had been committed and some buildings torn down or damaged; adjoining owners had demanded erection of a lawful partition fence; a purchaser could now be obtained for the 140 acres.

The court ordered the plaintiff's application set for hearing

and that ten days' notice thereof by registered mail be given George Heckmann, guardian of defendant. (George had succeeded Lana as such guardian.) The prescribed notice was given. George, the guardian, thereupon consulted attorneys John McLennan and Donald Holdoegel. One of the attorneys prepared and the guardian signed a verified answer denying plaintiff's application and asking for funds to repair the house and buy food and clothing for the incompetent defendant. The attorney mislaid the answer, however, and it was never filed.

The guardian and his two attorneys went to the courtroom at the time finally set for hearing on the application. The same judge presided who heard the original case and rendered the decree of December 1938. Attorneys for plaintiff were present at the hearing, as were the receiver and a man who had lived and worked on the farm since 1927. Attorneys on both sides agreed that the hearing should be informal and that they did not care to have testimony reported. Attorneys questioned the receiver and perhaps others. No witnesses were sworn, however. At least one of the attorneys for the guardian made an argument to the court.

At the conclusion of the hearing the court announced that it would make a decree for the sale of the property, outlined what it should contain, directed plaintiff's counsel to prepare the decree and submit it to the guardian's attorneys. Such decree was prepared, submitted to counsel, and signed by the court on December 11, 1941.

On January 30, 1942, defendant, apparently acting through other counsel, filed "OBJECTIONS TO PARTITION AND SALE OF REAL ESTATE." On or before February 21, 1942, defendant dismissed these objections without prejudice. On February 2, 1942, present counsel for defendant filed a petition to set aside the decree of December 11, 1941, which ordered sale of the farm. Hearing was had on the petition in May 1942, and it was dismissed. From such dismissal defendant has appealed to this court.

I. The principal contention of defendant is that the decree of December 11, 1941, is void because she was not served with notice of the hearing upon plaintiff's application for sale of

the property. The contention cannot be sustained. The original decree of December 1938, provided, in effect, that jurisdiction of the cause was retained and that the property might be ordered sold "after such further notice to the guardian of Dora Heckmann * * * as this court * * * may hereinafter prescribe." These provisions of the decree, affirmed upon the former appeal, became the law of the case in all subsequent stages of the litigation. Inman Mfg. Co. v. American Cereal Co., 155 Iowa 651, 136 N. W. 932; Wilson v. Big Joe Block Coal Co., 142 Iowa 521, 525, 119 N. W. 604; Agne v. Seitsinger, 104 Iowa 482, 486, 73 N. W. 1048; 5 C. J. S. 1288, section 1834a. The decree provided for notice only upon the guardian. By clear implication, notice upon the incompetent was decreed to be unnecessary. Plaintiff gave such notice to the guardian as the court prescribed. The proceeding was strictly in accordance with the terms of the original decree.

▊ II. It is contended the decree of December 11th is void because no answer to plaintiff's application was filed by the guardian. We cannot so hold. Defendant's guardian and guardian ad litem filed answers to plaintiff's original petition. These pleadings in some detail challenged plaintiff's right to have the land sold. No answer to plaintiff's application was required to enable the court to make a valid order for sale of the land. As having some bearing, see Jones v. Schaffner, 193 Iowa 1262, 1275, 188 N. W. 787, and cases cited; In re Guardianship of Hruska, 230 Iowa 668, 673, 298 N. W. 664, 138 A. L. R. 1359.

▊ III. It is also contended the decree of partition is void because witnesses were not sworn. The contention is without merit. Attorneys for the guardian were present at the hearing and made no objection to failure to swear the witnesses. It is generally held this amounts to a waiver of the right to object that the witnesses are not sworn. Mettetal v. Hall, 288 Mich. 200, 284 N. W. 698, 701; Fetty v. State, 119 Neb. 619, 230 N. W. 440, 441; Stair v. Smith, Tex. Civ. App., 299 S. W. 660, 661; Robinson v. State, 143 Wis. 205, 126 N. W. 750, 751; 70 C. J. 486, 487, section 654, and cases cited. Whether refusal of the court upon request to swear witnesses would render a judgment void is a question not before us.

IV. It must be remembered that this is not an appeal from the decree of December 1941. The propriety of that decision is not in question. Defendant sought by the proceeding now before us to set aside the decree as void. We hold the decree is not void upon any of the grounds urged.—Affirmed.

All JUSTICES concur.